Steve Neely v. Coleman Enterprises, Ltd., et al
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-350-CV

     STEVE NEELY,
                                                                         Appellant
     v.

     COLEMAN ENTERPRISES, LTD., ET AL.,
                                                                         Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 32,325
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Steve Neely filed suit for malicious prosecution against Coleman Management Co. d/b/a
Coleman Autoplex, its general partner Coleman Enterprises, Ltd., its president F. Herman
Coleman, and the Autoplex’s manager Bill Coleman. (All defendants are jointly referred to as
“the Colemans.”). The Colemans filed a motion for summary judgment, which was granted by
the trial court. Neely appeals, contending that: (1) the trial court erred in failing to consider his
response to the motion for summary judgment; (2) the trial court abused its discretion in failing
to consider his response to the motion for summary judgment; and (3) the trial court erred in
granting the motion for summary judgment. We will affirm the summary judgment.
FACTS
      Neely was originally an employee of the Bolton-McClaren automobile dealership. As a
salesperson, he received keys to the lock boxes on the dealership’s vehicles and to the gate to the
dealership’s lot. In a written acknowledgment of the receipt of these keys, Neely agreed to return
the keys or to reimburse the dealership in the amount of $100 when he terminated his employment.
      Coleman Autoplex purchased the dealership in January of 1998. When Neely informed the
manager that he did not wish to take advantage of the paid vacation plan, he was paid two weeks’
wages with the understanding that he “would not quit anytime soon.” Shortly thereafter, he
resigned, and the dealership withheld from Neely’s final check one-half of the amount of the
vacation monies previously paid. During the month that followed, Coleman employees made
repeated attempts to recover the keys by calling Neely and even going to his home. 
      About a month after Neely’s resignation, he informed the dealership that he had filed a Texas
Workforce Commission wage claim based upon the withholding of his vacation monies. Around
this same time, there was a theft at the dealership. Following the recommendations of the
Coleman Autoplex’s floor plan financier, its insurer, and the Gatesville Police Department, Bill
Coleman filed a complaint with the police department, alleging that Neely “kept two keys
belonging to Coleman Autoplex . . . [t]hat he was asked to return the keys several times and then
stated that he would not return the keys until other matters were resolved.” According to
Coleman, these “other matters” referred to Neely’s then unresolved wage claim.
      Neely’s wife returned the keys to the dealership. The next day, Neely turned himself in at
the police station, where he was arrested on theft charges and then released on bail. The State
subsequently dismissed the case against Neely because he had made restitution to the dealership.
      Neely filed suit, alleging that the Colemans acted with malice to institute a criminal
prosecution against Neely without cause. Almost a year after the suit was filed, the Colemans
filed a motion for summary judgment. Immediately prior to the summary judgment hearing on
April 18, 2000, the court heard uncontroverted testimony that Neely’s response to the motion had
not been filed before the April 11th deadline. The court considered Neely’s oral motion for leave
to file the response, but never rendered an order allowing leave to file the untimely response. 
Instead, the court granted the motion for summary judgment and dismissed Neely’s cause of
action.
THE RESPONSE
      Two rules guide our review of Neely’s two issues regarding his summary judgment response. 
First, rule 166a(c) provides that “except on leave of court, the adverse party, not later than seven
days prior to the day of hearing may file and serve opposing affidavits or other written response.” 
Tex. R. Civ. P. 166a(c). Second, rule 5 provides:
When by these rules or by a notice given thereunder or by order of court an act is
required or allowed to be done at or within a specified time, the court for cause shown
may, at any time in its discretion (a) with or without motion or notice, order the period
enlarged if application therefor is made before the expiration of the period originally
prescribed or as extended by a previous order; or (b) upon motion permit the act to be
done after the expiration of the specified period where good cause is shown for failure
to act.

Tex. R. Civ. P. 5 (emphasis added). Mere allegation of good cause is insufficient to permit a late
filing; the party requesting the extension of time is required to offer evidence to prove good cause. 
Bond v. Lewis, 496 S.W.2d 181, 184 (Tex. App.—Waco 1973, no writ) (concerning a late-filed
controverting affidavit to a plea of privilege).
      Neely does not claim that the response was filed timely within the requirements of Rule
166a(c). Instead he contends that the trial court should have granted leave to file the response
because there is no evidence that the defendants would have suffered any surprise or prejudice. 
To support this proposition, he cites Vermillion v. Haynes, 215 S.W.2d 605 (Tex. 1948) and Rose
v. Kober Financial Corp., 874 S.W.2d 358 (Tex. App.—Houston [14th Dist.] 1994, no writ). 
Both of these cases address amended pleadings as governed under Tex. R. Civ. P. 63. The
Supreme Court of Texas has distinguished amended pleadings from responses to summary
judgment motions. Goswami v. Metropolitan S.& L. Ass’n, 751 S.W.2d 487, 491 n.1 (Tex.
1998). Therefore, we do not consider pleading cases as persuasive in our analysis of granting
leave to file a summary judgment response.
      Before the hearing on the motion for summary judgment, the court held an evidentiary hearing
to determine whether to grant leave to file the late response. Counsel’s secretary testified that the
deadline for the response was not placed on counsel’s calendar and that the summary judgment
motion was found under some papers on counsel’s desk just prior to the deadline. The court heard
testimony that in spite of counsel’s efforts to complete the response timely, several problems were
encountered, including the unavailability of Neely to sign his affidavit and the use of the wrong
address for opposing counsel on the Federal Express box. At the conclusion of the hearing, the
court announced that if it did not grant leave for the filing of the response by a written order, the
response would not be considered in the court’s ruling regarding summary judgment. Because
there is no order granting such leave in the record before us, we can safely assume that the court
denied leave to file the late response and did not consider it. See Benchmark Bank v. Crowder ,
919 S.W.2d 657, 663 (Tex. 1996).
      We must now determine whether the court abused its discretion in failing to grant Neely leave
to file the response. A trial court abuses its discretion when it acts without reference to any
guiding rules or principles or when its action is arbitrary or unreasonable. See Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985). We will not reverse a
discretionary ruling of the trial court unless the record clearly shows that the trial court
disregarded the rights of a party. Yowell v. Piper Aircraft Corp., 703 S.W.2d 630, 634-35 (Tex.
1986).
      We find that the court was guided by Rule 166a(c) and Rule 5. It is undisputed that Neely
did not file his response within the time period allowed by Rule 166a(c). Furthermore, the court
afforded Neely an opportunity to establish “good cause” for leave to file the response late as
required by Rule 5. The evidence presented at the hearing tended to show why the response was
not filed timely, but not how these reasons for the untimely filing constituted good cause. The
Texas Supreme Court has repeatedly held that inadvertence of counsel does not constitute good
cause. Alvarado v. Farah Mfg. Co., 830 S.W.2d 911, 915 (Tex. 1992); Sharp v. Broadway Nat’l
Bank, 784 S.W.2d 669, 672 (Tex. 1990); E.F. Hutton & Co. v. Youngblood, 741 S.W.2d 363,
364 (Tex. 1987). Further, the argument that the Colemans did not establish surprise by the
response is not evidence of good cause. Morrow v. H.E.B., Inc., 714 S.W.2d 297, 298 (Tex.
1986). The court refused to find that the evidence established good cause for leave to file the
response. We do not find that the court’s denial of leave to file the response was an abuse of
discretion. Therefore, we overrule Neely’s first two issues.
SUMMARY JUDGMENT
      Neely also asserts that Coleman’s own summary judgment evidence precludes a summary
judgment. The required elements of malicious criminal prosecution are:
(1) The commencement of a criminal prosecution against the plaintiff;
(2) Causation (initiation or procurement) of the action by the defendant;
(3) Termination of the prosecution in the plaintiff’s favor;
(4) The plaintiff’s innocence;
(5) The absence of probable cause for the proceedings;
(6) Malice in filing the charge; and 
(7) Damage to the plaintiff.
Richey v. Brookshire Grocery Co., 952 S.W.2d 515, 517 (Tex. 1997); Nixon v. Mr. Property
Management Co., 690 S.W.2d 546 (Tex. 1985).
      By its summary judgment motion, defendants sought to negate elements 3-7. If a defendant
can disprove any one of the essential elements of the plaintiff’s cause of action, then the court
should render summary judgment for the defendant. Digby v. Texas Bank, 943 S.W.2d 914, 919
(Tex. App.—El Paso 1997, writ denied).
      We will focus on “the absence of probable cause for the proceedings.” The Colemans’
summary judgment evidence included the complaint filed against Neely and the affidavit of Bill
Coleman. The complaint charged that Neely had kept two keys belonging to Coleman Autoplex
and that by refusing to return them until “other matters were resolved,” Neely had exercised
control over Coleman Autoplex’s property with the intent to deprive the dealership of the keys.
      Bill Coleman’s affidavit reflects that probable cause for filing the complaint was based upon:
(1) Neely’s written acknowledgment that the keys were to remain the property of the dealership;
(2) Neely’s acknowledgment that he was bound to relinquish constructive possession, custody or
control of the keys after he left the dealership’s employ; (3) Neely’s failure to relinquish the keys
after repeated requests for him to do so; and (4) the recommendations of the dealership’s floor plan
financier, the dealership’s insurer, and the Gatesville police department that measures be taken to
obtain the keys, including the filing of a criminal complaint. The Colemans established that “a
reasonable person would believe that a crime had been committed given the facts as the
complainant honestly and reasonably believed them to be before the criminal proceeding were
instituted.” Richey, 952 S.W.2d at 517.
      Neely’s late response was not before the court. See INA of Tex. v. Bryant, 686 S.W.2d 614,
615 (Tex. 1985). Therefore, Neely presented no summary judgment evidence to show that the
motives, grounds, beliefs, and other evidence upon which the Colemans acted did not constitute
probable cause. Richey, 952 S.W.2d at 518. The court had no controverting evidence before it
concerning probable cause to initiate the underlying criminal proceeding.


 Nixon requires that
every reasonable inference be indulged in favor of the non-movant and any doubts resolved in its
favor. Nixon, 690 S.W.2d at 548-49. Even construing the summary judgment evidence in a light
favorable to Neely, we find that the Colemans conclusively negated this element of Neely’s claim.
      Neely’s only claim was malicious prosecution. Because one element of Neely’s malicious
prosecution claim was affirmatively negated, the Colemans were entitled to summary judgment. 
Neely’s third issue is therefore overruled.
CONCLUSION
Having overruled all of Neely’s issues, we affirm the summary judgment.
 
                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed on November 7, 2001
Publish
[CV06]