IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00381-CV

 

Beatrice Villarreal Gonzales,

                                                                                    Appellant

 v.

 

Dunnam & Dunnam, L.L.P. 

and Vance Dunnam,

                                                                                    Appellees

 

 

 



From the County Court at Law No.
1

McLennan County, Texas

Trial Court No. 2004-0659 CV1

 



MEMORANDUM  Opinion



 

Beatrice Gonzales appeals from a summary judgment
granted in favor of her former attorney Vance Dunnam, and his law firm Dunnam
& Dunnam, LLP (collectively “Dunnam”) for breach of contract to pay
attorney’s fees.  In three issues, Gonzales argues that the trial court erred
in (1) finding that a contract existed between the parties, (2) calculating the
damages award, and (3) denying her motion for new trial.  

 

 

Background

Dunnam represented Gonzales in a divorce.  At the
conclusion of the divorce proceeding, Vance Dunnam, a partner in Dunnam &
Dunnam LLP, demanded payment of $30,000 for his legal services.  Gonzales,
feeling the charges significantly outweighed the services, suggested $25,000 as
payment and Dunnam agreed.  Gonzales then refused to pay the full $25,000 and
tendered $14,150 as payment, which was not accepted by Dunnam.

Dunnam filed a partial summary judgment motion for
$25,000, alleging that two separate contracts for legal fees were entered into
and breached by Gonzales.  Gonzales failed to timely file a response and requested
leave to file a late response, which the trial court denied.  The trial court
entered a final judgment in favor of Dunnam for the sum of $25,000 plus
prejudgment interest in the amount of $3,848.46 and $4,000 for attorney’s
fees.  Gonzales appeals the grant of the summary judgment motion.

Standard of Review

The standards for
reviewing a traditional motion for summary judgment are well established.  We review a trial court’s summary judgment de
novo.  Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211,
215 (Tex. 2003).  In reviewing a summary judgment, we must consider
whether reasonable and fair-minded jurors could differ in their conclusions in
light of all of the evidence presented.  See Goodyear Tire v. Mayes, 236
S.W.3d 754, 755 (Tex. 2007) (per curiam) (citing Wal-Mart Stores, Inc. v.
Spates, 186 S.W.3d 566, 568 (Tex. 2006); City of Keller v. Wilson,
168 S.W.3d 802, 822-24 (Tex. 2005)).  We must consider all the evidence in the
light most favorable to the nonmovant, indulging every reasonable inference in
favor of the nonmovant and resolving any doubts against the motion.  See id.
at 756 (citing Sudan v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006); Spates,
186 S.W.3d at 568).

Breach of Contract

In her first issue, Gonzales argues that the trial
court erred in granting partial summary judgment on Dunnam’s breach of contract
claim because Dunnam’s summary judgment evidence failed to prove each element
necessary to create a contract.  The elements of a breach of contract claim are
(1) the existence of a valid contract between plaintiff and defendant, (2) the
plaintiff's performance or tender of performance, (3) the defendant's breach of
the contract, and (4) the plaintiff's damage as a result of the breach.  Critchfield
v. Smith, 151 S.W.3d 225, 233 (Tex. App.—Tyler 2004, pet denied); Runge
v. Raytheon E-Systems, Inc., 57 S.W.3d 562, 565 (Tex. App.—Waco 2001, no
pet.).

The elements of a valid contract are (1) an offer,
(2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the
terms, and (5) execution and delivery of the contract with the intent that it
be mutual and binding.  Prime Prods., Inc. v. S.S.I. Plastics, Inc., 97
S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).  To establish a valid
contract, a plaintiff must prove that the parties agreed on all of the
essential terms of the contract and that the essential terms were sufficiently
certain so as to define the parties' legal obligations.  See Nickerson v.
E.I.L. Instruments, Inc., 874 S.W.2d 936, 939 (Tex. App.—Houston [1st
Dist.] 1994, writ denied).  If a contract is so indefinite that a court cannot
determine the legal obligations and liabilities of the parties, it is not
enforceable.  See T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d
218, 221 (Tex. 1992); Moore v. Dilworth, 142 Tex. 538, 542-43, 179
S.W.2d 940, 942 (1944); Cytogenix, Inc. v. Waldroff, 213 S.W.3d 479, 485
(Tex. App.—Houston [1st Dist.] 2006, pet. denied).

Because Gonzales failed to file a timely response
to Dunnam’s summary judgment motion and the trial court denied her motion for
leave to file a late response, Gonzales’s response was not before the court.  The
uncontroverted summary judgment evidence presented by Dunnam established that
Gonzales hired Dunnam to represent her in her divorce action.  Gonzales initially
agreed to pay an hourly rate of $200 per hour for legal services rendered by
Dunnam, and she was aware that the final bill would depend on the amount of
work involved in the divorce.  Near the conclusion of the divorce case, Dunnam
told Gonzales that the total amount for services was $30,000, Gonzales offered
Dunnam $25,000, which Dunnam accepted.  As Dunnam continued to work on
finalizing the divorce, Gonzales, on several separate occasions, told Dunnam
that she would pay the $25,000 fee.  When Dunnam completed the final paperwork,
he gave it to Gonzales and she left his office without paying the fee.

City of Keller requires that every reasonable inference be indulged in favor of the
nonmovant and any doubts resolved in its favor.  City of Keller, 168 S.W.3d
at 822.  Even construing the summary judgment evidence in a light favorable to
Gonzales, we find that Dunnam’s evidence conclusively established that Gonzales
breached a valid contractual agreement for legal services.  We overrule
Gonzales’s first issue.

 

 

 

Damages

In her second issue, Gonzales asserts that the
trial court erred in determining damages.  Specifically, she argues that she
sent Dunnam a $3,500 check from her ex-husband, that Dunnam cashed the check
and retained the funds, and that she should be credited for that amount.

Gonzales does not appeal the trial court’s denial
of her motion for leave to file a response, therefore the evidence in her
response supporting her argument is not before us.  Neely v. Coleman Enters.,
62 S.W.3d 802, 806 (Tex. App.—Waco 2001, pet. denied).  Because the summary
judgment response was untimely filed and leave was denied, there is no evidence
in the summary judgment record to support Gonzales’s second issue, which we
thus must overrule.

Motion for New Trial

In Gonzales’s third issue, she argues that the
trial court erred in denying her motion for new trial because she pled the
affirmative defenses of payment and duress in her answer and these issues must
be decided by a jury.  However, when a nonmovant relies on an affirmative
defense in response to a summary judgment motion, the nonmovant must support
the response with evidence sufficient to raise a fact issue on each element of
the affirmative defense.  Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984); Nat'l Cafe Servs., Ltd. v. Podaras, 148 S.W.3d 194, 199 (Tex. App.—Waco 2004, pet. denied).  Because
Gonzales did not file a timely response to Dunnam’s motion for partial summary
judgment, there is no evidence in the summary judgment record on her affirmative
defenses.  Thus, the trial court did not abuse its discretion in denying
Gonzales’s motion for new trial, and we overrule her third issue.

Conclusion 

Having overruled Gonzales’s three issues, we
affirm the trial court's judgment.

 

BILL VANCE

Justice

 

 

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

Affirmed 

Opinion delivered and
filed May 28, 2008

[CV06]