

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00219-CV

RAMIRO GUTIERREZ,

                                        Appellant

 v.

B&B LANDFILL, INC. D/B/A/
WASTE MANAGEMENT OF TEXAS, INC.,

                                        Appellees


**From the 40th District Court
Ellis County, Texas
Trial Court No. 84002**


## MEMORANDUM  OPINION


In this appeal, appellant, Ramiro Gutierrez, complains about a summary judgment granted in favor of appellee, B&B Landfill, Inc. d/b/a Waste Management of Texas, Inc. ("B&B").  In one issue, appellant contends that the trial court erred by granting summary judgment when he presented sufficient evidence of "good cause" to extend the time for filing his lawsuit under Texas Rule of Civil Procedure 5(b).  *See* TEX. R. CIV. P. 5(b).  We affirm.

# I. BACKGROUND

Appellant, a self-identified "Mexican-American," worked as a driver for B&B until his termination on April 12, 2010. After his termination, appellant filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 7, 2010, alleging that B&B "had committed unlawful employment practices against the Plaintiff in violation of the Texas Commission on Human Rights Act." The EEOC forwarded appellant's complaint to the Texas Workforce Commission ("TWC") on June 9, 2010. Thereafter, the EEOC issued its "Dismissal and Notice of Rights," finding that it was "unable to conclude that the information obtained establishes violations of the statutes."

On October 3, 2011, appellant sent a letter to the TWC requesting the issuance of a right-to-sue letter. By a letter dated October 4, 2011, the TWC informed appellant that: "Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, this notice is to advise you of your right to bring a private civil action in state court in the above-referenced case. YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION." Though this letter is dated October 4, 2011, the record indicates that the letter was faxed to appellant's counsel on October 3, 2011 at 8:29 p.m. In any event, appellant admits, in his appellate brief, that he received the TWC's right-to-sue letter on October 4, 2011.

It is undisputed that appellant placed his original petition in the mail on December 5, 2011. In fact, Coriann R. Viner-Blake, an administrative assistant at appellant's counsel's law firm, executed an affidavit, wherein she averred that she "took

a United States Postal Service Express Mail envelope, containing the Plaintiff's Original Petition to Judy Hatch, Regus Center Manager, for weight, postage[,] and mailing." According to Viner-Blake, Hatch weighed the envelope, printed the postage to affix on the envelope, and subsequently placed the envelope in the mail for pick up on December 5, 2011.[1]

However, it was later discovered that appellant failed to affix the proper amount of postage on the envelope, which resulted in the envelope being returned to appellant's counsel's law firm marked "Return to Sender" and "Postage due $3.05." Viner-Blake opines and appellant admits that they received the returned envelope on December 9, 2011. After additional postage was affixed to the envelope, appellant's original petition was mailed for a second time on December 9, 2011. The trial court received and filed appellant's original petition on December 12, 2011.[2]

In response to appellant's original petition, B&B filed an answer, generally denying the assertions made in appellant's original petition and asserting numerous affirmative defenses, including statute of limitations. Shortly thereafter, B&B filed a traditional motion for summary judgment, asserting that, among other things, appellant failed to timely file this lawsuit and serve B&B within sixty days of the TWC's right-to-

---

[1] In his response to B&B's motion for summary judgment, appellant emphasizes that the express mail envelope used was not of the "flat rate" variety, but rather one that was required to be weighed and stamped. Appellant also notes that, despite the incorrect postage, the envelope bears the postmark of December 5, 2011.

[2] In his brief, appellant states that he filed his original petition on November 5, 2011. This assertion is not supported by the record, including appellant's own summary-judgment evidence. It is likely that this is simply a typographical error, considering appellant later states that his original petition should be considered filed as of December 5, 2011.

sue letter, as was required by section 21.254 of the Texas Labor Code. *See* TEX. LABOR CODE ANN. § 21.254 (West 2006).

Appellant responded to B&B's motion for summary judgment by arguing that his original petition was timely filed on December 5, 2011, pursuant to the mailbox rule outlined in Texas Rule of Civil Procedure 5. *See* TEX. R. CIV. P. 5. B&B filed a reply to appellant's response, arguing that the mailbox rule did not apply in this case because appellant failed to affix the proper postage.

Though a reporter's record has not been filed in this case, the clerk's record indicates that the trial court conducted a hearing on B&B's motion for summary judgment on April 18, 2012. Apparently, the trial court asked for supplemental briefing on the applicability of Rule 5. Both parties submitted supplemental briefing, and on May 23, 2012, the trial court granted summary judgment in favor of B&B and dismissed appellant's claims with prejudice. This appeal ensued.

## II.     STANDARD OF REVIEW

A trial court's ruling on a motion to enlarge the time period to file suit pursuant to Texas Rule of Civil Procedure 5 is reviewed for an abuse of discretion. *See* TEX. R. CIV. P. 5; *Neely v. Coleman Enters., Ltd.*, 62 S.W.3d 802, 805 (Tex. App.—Waco 2001, pet. denied); *see also Gott v. Rice Consol. Indep. Sch. Dist.*, No. 01-07-00051-CV, 2008 Tex. App. LEXIS 8067, at *11 (Tex. App.—Houston [1st Dist.] Oct. 23, 2008, no pet.) (mem. op.). A trial court abuses its discretion when it acts without reference to any guiding rules or principles or when its action is arbitrary or unreasonable. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687 (Tex. 2002) (citing *Downer v. Aquamarine*

*Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). "We will not reverse a discretionary ruling of the trial court unless the record clearly shows that the trial court disregarded the rights of a party." *Neely*, 62 S.W.3d at 805 (citing *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 634-35 (Tex. 1986)).

Moreover, in reviewing a grant of summary judgment, we consider the evidence in the light most favorable to the nonmovant. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *See Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). When, as here, the trial court does not specify the grounds for its grant of summary judgment, we must affirm the summary judgment if any of the theories presented to the court and preserved for appeal are meritorious. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

To prevail on a traditional Rule 166a(c) summary-judgment motion, a movant must prove that there is no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). A defendant moving for summary judgment must either (1) disprove at least one element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of an affirmative defense to rebut the plaintiff's cause. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). The movant must conclusively establish its right to judgment as a matter of law. *See MMP*,

*Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller*, 168 S.W.3d at 816.

If the movant meets its burden, the burden then shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). The evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

### III.    ANALYSIS

In his sole issue on appeal, appellant argues that the trial court erred in granting B&B's summary-judgment motion. Specifically, appellant alleges that he provided evidence that his original petition was timely filed under Rule 5 and that he showed "good cause" for enlarging the applicable limitations period because of circumstances beyond his control.

Section 21.254 of the Texas Labor Code provides that a civil action alleging employment discrimination must be filed "[w]ithin 60 days after the date a notice of the right to file a civil action is received." TEX. LABOR CODE ANN. § 21.254. Here, it is undisputed that appellant did not file his original petition within sixty days of TWC's October 4, 2011 right-to-sue letter. Apparently, the sixty-day deadline occurred on December 3, 2011, which was a Saturday. Texas Rule of Civil Procedure 4 states, among other things, that: "The last day of the period so computed is to be included, unless it is

a Saturday, Sunday[,] or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday[,] or legal holiday." TEX. R. CIV. P. 4. Therefore, applying Rule 4, appellant's original petition was not due until the following Monday, December 5, 2011. *See id.*

Appellant's summary-judgment evidence demonstrates that he attempted to mail his original petition in an envelope postmarked December 5, 2011. However, the envelope was returned to appellant due to insufficient postage on December 9, 2011. Appellant re-sent the envelope with the appropriate amount of postage on December 9, 2011, and his original petition was eventually marked as filed on December 12, 2011.

On appeal, appellant's argument is two-fold: (1) the filing date should correspond with his first attempt to mail the envelope on December 5, 2011; and (2) in the alternative, the fact that the envelope was not affixed with sufficient postage demonstrates a situation outside of his control and constitutes "good cause" to enlarge the filing deadline under Rule 5. B&B counters that Rule 5 only applies to deadlines imposed by the Texas Rules of Civil Procedure or court orders, not statutes like Section 21.254 with strict deadlines. B&B further argues that appellant's reliance on the mailbox rule in this case in unfounded because he caused his original petition to not be timely filed by failing to affix sufficient postage to the envelope.

Rule 5, entitled "Enlargement of Time," provides the following:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (a) with or without motion or notice, order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as

extended by a previous order; or (b) upon motion permit the act to be done after the expiration of the specified period where good cause is shown for the failure to act. The court may not enlarge the period for taking any action under the rule relating to new trials except as stated in these rules.

If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time. A legible postmark by the United States Postal Service shall be prima facie evidence of the date of mailing.

TEX. R. CIV. P. 5.

Texas courts have held that Rule 5 does not enlarge the time in which to file a pleading, but instead defines when it is "deemed filed in time." *Milam v. Miller*, 891 S.W.2d 1, 2 (Tex. App.—Amarillo 1994, writ ref'd) (citing *Danesh v. Houston Health Clubs, Inc.*, 859 S.W.2d 535, 536-37 (Tex. App.—Houston [1st Dist.] 1993, writ ref'd)). Therefore, the United States Post Office acts as a branch of the court clerk's office for purposes of filing pleadings only when the provisions of Rule 5 are satisfied. *Id.* However, the Texas Supreme Court has recently stated that: "By its own terms, Rule 5 only applies to deadlines in the Rules of Civil Procedure." *Morris v. Aguilar*, 369 S.W.3d 168, 171 (Tex. 2012). The filing deadline in this case corresponds to Section 21.254 of the Texas Labor Code, not any provision of the Rules of Civil Procedure. Thus, in light of the *Morris* decision, Rule 5 is inapplicable in this case. *See id.*

However, even if we were to conclude that Rule 5 applied in this case, we cannot say that appellant has raised a material fact issue regarding the application of the "good cause" standard of Rule 5 to consider the December 12, 2011 filing timely. *See* TEX. R.

CIV. P. 5. The summary-judgment evidence showed that appellant failed to ensure that sufficient postage was affixed to the envelope containing his original petition sent on December 5, 2011—an act that was squarely within appellant's control. *See id.* (stating that a document will be deemed filed on the date the item is deposited in the mail if it "is sent to the proper clerk by first-class United States mail in an envelope or wrapper *properly addressed and stamped*") (emphasis added); *Wesco Distrib., Inc. v. Westport Group, Inc.*, 150 S.W.3d 553, 561 (Tex. App.—Austin 2004, no pet.) ("[I]nsufficient postage meant ineffective notice."); *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, no pet.) (refusing to apply the mailbox rule absent proof of sufficient postage); *Arnold v. Shuck*, 24 S.W.3d 470, 472-73 (Tex. App.—Texarkana 2000, pet. denied) (holding that the mailbox rule is not satisfied when a party has failed to demonstrate that proper postage was affixed); *see also Vaughn v. Garcia*, No. 04-08-00491-CV, 2009 Tex. App. LEXIS 5405, at **4-5 (Tex. App.—San Antonio July 15, 2009, pet denied) (mem. op.) ("However, under Rule 5 of the Texas Rules of Civil Procedure, the mailbox rule only applies when a document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped. Consequently, because Vaughn's envelope was not properly stamped when he mailed his initial claim, the mailbox rule does not apply. Due to the untimeliness of this claim, the trial court did not abuse its discretion in dismissing Vaughn's claims . . . and refusing to hear his various motions." (internal citations & quotations omitted)). The summary-judgment evidence does not demonstrate that the United States Postal Service was responsible for the postage error in this case. And it was not until several days after the limitations period expired—on

December 9, 2011—that appellant affixed sufficient postage to the envelope. As such, we do not find appellant's assertion that his failure to timely file his original petition was due to circumstances outside of his control to be persuasive.

Based on the foregoing, we conclude that B&B's summary-judgment evidence establishes, as a matter of law, its statute of limitations defense that appellant did not timely file his original petition. *See id.*; *see also Cathey*, 900 S.W.2d at 341; *MMP, Ltd.*, 710 S.W.2d at 60. Accordingly, we cannot conclude that the trial court abused its discretion in declining to apply Rule 5 in this matter. *See Neely*, 62 S.W.3d at 805; *see also Gott*, 2008 Tex. App. LEXIS 8067, at *11. We also cannot conclude that the trial court erred in granting summary judgment in favor of B&B. *See Smith*, 288 S.W.3d at 424; *City of Keller*, 168 S.W.3d at 824; *see also Knott*, 128 S.W.3d at 216. As such, we overrule appellant's sole issue on appeal.

## IV. CONCLUSION

Having overruled appellant's sole issue on appeal, we affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed April 4, 2013
[CV06]