Diana L. **MORRIS** a/k/a Diana Aguilar, Petitioner,

v.

Juan **AGUILAR** and Margarita Aguilar, Respondents.

No. 10–0831.

Supreme Court of Texas.

June 8, 2012.

Graham Baker, Ray, Valdez McChristian & Jeans, P.C., San Antonio, Richard Clark Harrist, Cooper & Sully, PC., Dallas, William Ambrose Biggs, Attorney at Law, Judith Anne Gres Deberry, State Bar of Texas, Austin, for Diana L. Morris.

Margo Ahern Fox, Fox & Associates, PLLC, Round Rock, Elizabeth M. Bruman, Law Office of Elizabeth Bruman, P.C., Shelly W. Durham, Law Office of Shelly W. Durham, Houston, for Juan Aguilar.

PER CURIAM.

In this appeal we determine whether a challenge to a litigant's claim of indigence can be asserted after the 10–day deadline set forth in Texas Rule of Appellate Procedure 20.1. After a custody dispute in the trial court, a mother and her husband filed an affidavit of indigence to allow them to appeal without advance payment of costs. Twenty-four days after the deadline for contesting the affidavit of indigence, the

court reporter filed a contest. After a hearing, the trial court ruled that the mother and her husband were not indigent. The court of appeals affirmed. We hold that the Rules of Appellate Procedure do not allow the untimely challenge and . reverse and remand to the court of appeals to consider the merits of the appeal.

The underlying lawsuit affects the custody of two of Petitioner Diana L. Morris's daughters, ages 15 and 9. The trial court appointed Morris's parents, respondents Juan and Margarita Aguilar, sole joint managing conservators of the older daughter and granted them visitation rights to the younger daughter. Morris is married to the father of the younger daughter. The court appointed Diana Morris and Phillip Perez possessory conservators of the older daughter, and the Morrises joint managing conservators of the younger daughter.

An attorney represented Morris and her husband in the trial court. After the court issued its final order, the Morrises timely filed an affidavit of indigence and a notice of appeal. The court reporter filed a contest to the affidavit 24 days after the 10–day deadline.[1] In the contest, the reporter stated that she had first received Morris's affidavit two days earlier. After a hearing, at which Morris was represented by her pro bono counsel, the trial court sustained the contest. Morris appealed that ruling, and the court of appeals affirmed. 366 S.W.3d 208, 209.

■■■ Texas Rule of Appellate Procedure 20.1(f) states:

> Unless a contest is timely filed, no hearing will be conducted, the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs.

TEX. R. APP. P. 20.1(f). The court of appeals concluded that because Morris did not object in the trial court to the late filing of the reporter's contest, "thus giving the court the opportunity to consider and correct any timeliness-related errors, [Morris] has not preserved any error related to the untimely contest." 366 S.W.3d at 210. However, a trial court cannot cure the late filing of a contest; the rule mandates that the appeal without advance payment of costs be allowed, as we have previously held. *In re C.H.C.* 331 S.W.3d 426, 429 (Tex.2011) (per curiam)[2]; *see also Higgins v. Randall Cnty. Sheriff's Office*, 193 S.W.3d 898, 899 (Tex.2006) (per curiam). Furthermore, the error in refusing to allow the appeal to proceed was not the trial court's, which should have had no control of the matter here, but was the court of appeals'.[3]

---

1. *See* TEX.R.APP. P. 20.1(e) ("The clerk, the court reporter, the court recorder, or any party may challenge an affidavit ... by filing ... a contest ... within 10 days after the date when the affidavit was filed if the affidavit was filed in the trial court.").

2. We held in *In re C.H.C.* that an appellant is entitled to proceed without advance payment of costs if there is no challenge to her affidavit of indigence. 331 S.W.3d at 428–30. For the reasons expressed below, we likewise hold that an appellant is entitled to proceed without advance payment of costs if there is no timely challenge to her affidavit of indigence.

3. One purpose of preserving error by raising the issue in the trial court is to promote judicial efficiency by allowing the trial court the opportunity to correct its error. *In re C.O.S.*, 988 S.W.2d 760, 765 (Tex.1999). The purpose of an affidavit of indigence is to allow the party to proceed on appeal without advance payment of costs if the compliant affidavit is not contestable or not contested, or the contest is not sustained by written order. TEX.R.APP. P. 20.1(a)(2). As no contest was timely filed and the trial court cannot cure the untimely contest, the trial court had no authority to hold a hearing or otherwise act on the matter.

■ Rule 20.1(f) is mandatory to protect the indigent appellant and uphold the principle that "[c]ourts should be open to all, including those who cannot afford the costs of admission." *In re C.H.C.,* 331 S.W.3d at 429; *accord Higgins v. Randall Cnty. Sheriff's Office ("Higgins II"),* 257 S.W.3d 684, 686 (Tex.2008). Although Morris was represented in the trial court pro bono, many indigent parties are pro se. To require a pro se party to object to a late-filed contest to an affidavit of indigence in order to preserve error—something the party is not likely to know to do—is to eviscerate the protection Rule 20.1(f) is intended to afford.

■ The Aguilars argue that Rule 20.1(e)'s 10–day deadline for filing a contest can be extended by the trial court under Texas Rule of Civil Procedure 5 and Texas Rule of Appellate Procedure 2, and should be extended when a court reporter has no actual notice of the filing of an affidavit of indigence within the time to contest it.[4] We disagree. Texas Rule of Civil Procedure 5 states in pertinent part:

> When by *these rules* or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion[,] . . . upon motion permit the act to be done after the expiration of the specified period where good cause is shown for the failure to act.

TEX.R. CIV. P. 5 (emphasis added). By its own terms, Rule 5 only applies to deadlines in the Rules of Civil Procedure. *Id.* The Rules of Appellate Procedure prescribe the deadline for contesting an affidavit of indigence. TEX.R.APP. P. 20.1(e)

(establishing 10–day deadline to contest an affidavit of indigence). Texas Rule of Appellate Procedure 2 states in pertinent part:

> On a party's motion or on its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure. . . .

TEX.R.APP. P. 2. Although this rule authorizes an appellate court to suspend the deadline for contesting an affidavit of indigence, the rule requires good cause. Lack of actual notice in this context to a court reporter of the filing of an affidavit of indigence is not good cause in light of Rule 20.1.

Former Texas Rule of Appellate Procedure 40(a)(3)(B) provided:

> The appellant or his attorney shall give notice of the filing of the affidavit [of indigence] . . . to the court reporter of the court where the case was tried within two days after the filing; otherwise, he shall not be entitled to prosecute the appeal without paying the costs or giving security therefor.

Former TEX.R.APP. P. 40(a)(3)(B), 49 TEX. B.J. 565 (1986) (repealed 1997). *See Jones v. Stayman,* 747 S.W.2d 369, 370 (Tex.1987) (per curiam); *see also In re C.M.G.,* 883 S.W.2d 411, 413 (Tex.App.-Austin 1994, no pet.); *Watson v. Hart,* 871 S.W.2d 914, 917–18 (Tex.App.-Austin 1994, orig. proceeding) (per curiam). But in 1997, the obligation to notify the court reporter was removed from the appellant and assigned to the clerk. Rule 20.1(d)(1) now states:

---

4. Construction of statutes and rules are questions of law, which we review de novo. *See In re Christus Spohn Hosp. Kleberg,* 222 S.W.3d 434, 437 (Tex.2007) (stating that statutes and procedural rules are subject to the same rules of construction); *State v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2002) (stating that statutory construction is a legal question and therefore subject to de novo review).

If the affidavit of indigence is filed with the trial court clerk ..., the clerk must promptly send a copy of the affidavit to the appropriate court reporter. TEX.R.APP. P. 20.1(d)(1). The change was made because it is much easier for notice to be given to a court reporter by the clerk (with whom the reporter has a working relationship) than by an indigent party (who is likely to be pro se and unfamiliar with the courthouse). The clerk's failure to comply with the rule is not grounds for denying an indigent appellant the benefit of Rules 20.1(e)(f). *See Burgess v. Feghhi*, 191 S.W.3d 411, 413–14 (Tex.App.-Tyler 2006, no pet.) ("An appellant should not be punished when the clerk fails to send the required notice to the reporter.").[5]

Texas Rule of Appellate Procedure 20.1(f) requires that when there is no timely contest to an affidavit of indigence, a party must be allowed to proceed on appeal without advance payment of costs. TEX.R.APP. P. 20.1(f); *Higgins II*, 257 S.W.3d at 688 ("Subsection (f), however, does more than 'deem' the affidavit's allegations true; it specifically provides that the allegations 'will be deemed true, *and the party will be allowed to proceed* without advance payment of costs.'" (quoting TEX. R. APP. P. 20.1(f))); *Rios v. Calhoon*, 889 S.W.2d 257, 258–59 (Tex.1994) (per curiam) ("If a party files an affidavit of inability to pay costs ... and no contest to the affidavit is timely filed ..., the court is bound to accept the allegations in the affidavit as true. Thereafter, the party is absolutely entitled to the exemption from costs, and the trial court lacks the authority to affect the party's entitlement." (citations omitted)).

Because no contest was timely filed, Morris is entitled to proceed on appeal without advance payment of costs. Accordingly, without hearing oral argument, TEX.R.APP. P. 59.1, we grant Morris's petition for review, reverse the judgment of the court of appeals, and remand this proceeding to the court of appeals to consider the merits of the Morrises' appeal without advance payment of costs.

---

**5.** The court of appeals concluded that the trial court did not err in finding that Morris was not indigent because she and her husband "included in their bills several non-necessities," namely, the truck Morris's husband used in his work, which was the couple's only vehicle, and "items that they find useful but that are not truly necessities, largely those related to [Morris's] husband's deafness." 366 S.W.3d 212. We disagree with the court of appeals that these items are non-necessaries for the Morrises.