# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-08-00078-CV

**Diana L. Morris a/k/a Diana Aguilar, Appellant**

**v.**

**Juan Aguilar and Margarita Aguilar, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-FM-98-000103, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal arises from a suit affecting the parent-child relationship involving Diana Morris and her parents Juan and Margarita Aguilar.[1]  After the district court signed an order, Morris filed an affidavit of indigence.  Approximately 34 days after Morris filed her affidavit, the court reporter filed a contest to the affidavit.  The contest was filed past the 10-day deadline listed in the rules of appellate procedure.  *See* Tex. R. App. P. 20.1(e) (stating that contest to affidavit of indigence must be filed "within 10 days after the date when the affidavit was filed if the affidavit was filed in the trial court").  On the day that the contest was filed, the district court signed an order

---

[1]  Originally Morris's husband, Phillip Morris, was a party to the suit, but he did not file a notice of appeal contesting the district court's order.

granting an extension of time to hold a hearing regarding Morris's affidavit. After the hearing, the district court signed an order sustaining the court reporter's contest and denying the affidavit. Subsequent to the district court's ruling, Morris appealed the district court's order.

Originally on appeal, this Court affirmed the district court's ruling sustaining the court reporter's contest. *Morris v. Aguilar*, 366 S.W.3d 208, 212 (Tex. App.—Austin 2010), *rev'd*, No. 10-0831, 2012 Tex. LEXIS 467 (Tex. June 8, 2012). After we issued our opinion, Morris appealed to the supreme court, and the supreme court determined that the court reporter's contest was not timely filed. *Morris*, 2012 Tex. LEXIS 467, at *9. For that reason, the supreme court also concluded that Morris was "entitled to proceed on appeal without advance payment of costs." *Id.* Accordingly, the supreme court reversed our judgment and remanded the case back to this Court. *Id.*

In light of the supreme court's ruling, we reverse the district court's order sustaining the court reporter's challenge to Morris's affidavit of indigence. When the record is prepared, it will be filed in appellate cause number 03-08-00022-CV, and the appeal on the merits will proceed in that cause.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Reversed and Rendered on Remand

Filed: August 28, 2012