**Dismissed and Memorandum Opinion filed November 29, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00392-CV

---

### HELEN MAYFIELD, Appellant

### V.

### JOHN CUOCO, STEVE FULLJART, KBTX NEWS, a Corporation, and GRAY COMMUNICATIONS, a Corporation, Appellees

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2011-26159**

---

## M E M O R A N D U M   O P I N I O N

On January 10, 2012, appellant filed a notice of appeal from a December 13, 2011, final summary judgment. The appeal was assigned to this court and docketed under our case number 14-12-00037-CV. Appellant also filed an affidavit of indigence, and the Harris County District Clerk filed a contest to the affidavit. *See* Tex. R. App. P. 20.1. Appellant filed a notice of appeal on April 21, 2012, stating that she seeks to appeal an order signed April 16, 2012, denying of her claim of indigency. Appellant's second appeal was docketed under our case number 14-12-00392-CV.

Rule 20.1 allows a party to proceed on appeal without advance payment of costs if (1) the party files an affidavit of indigence in compliance with the rule, (2) either the claim of indigence is not contested or the contest is not sustained, and (3) the party timely files a notice of appeal. Tex. R. App. P. 20.1(a)(1)-(3); *see also Morris v. Aguilar*, 369 S.W.3d 168, 170 n.3 (Tex. 2012). We may review an order sustaining a contest when there is a pending appeal from a final judgment or other appealable order. Tex. R. App. P. 20.1; *In re Arroyo*, 988 S.W.2d 737, 738–39 (Tex.1998); *In re Velez-Uresti*, 361 S.W.3d 200, 202-03 (Tex. App.—El Paso 2012, pet. denied).

This court ordered a partial clerk's record containing the documents relevant to appellant's claim of indigence. In addition, we abated the related appeal from the summary judgment in case number 14-12-00037-CV until the indigence appeal has been decided. The indigence record has now been filed. The record reflects that on April 16, 2012, the trial court signed an order *overruling* the Harris County District Clerk's contest to appellant's affidavit. Therefore, appellant is entitled to proceed without the advance payment of costs in case number 14-12-00037-CV. Accordingly, this appeal is moot. *See Whittaker v. U.S. Mail Serv.*, 14-11-00475-CV, 2011 WL 3585991 (Tex. App.—Houston [14th Dist.] Aug. 16, 2011, no pet.) (mem. op.) (stating that because appellant challenged the denial of his claim of indigence, the trial court's ruling upholding his claim of indigence and finding that he was unable to pay filing fees rendered the challenge moot).

On November 7, 2012, notification was transmitted to all parties of the court's intention to dismiss this appeal. *See* Tex. R. App. P. 42.3(a). No response was filed.

We dismiss this appeal as moot. The appeal pending in case number 14-12-00037-CV remains pending before the court and is ordered reinstated by separate order.

PER CURIAM


Panel consists of Justices Seymore, Boyce, and McCally.

2