COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Larry Stanley and Terri Stanley v. John McClanahan

Appellate case number:     01-13-00982-CV

Trial court case number:   D-13-5,197

Trial court:                County Court of Colorado County, Texas

On November 1, 2013, appellants, Larry Stanley and Terri Stanley, filed an affidavit of indigence in the trial court in the above-referenced matter. *See* TEX. R. APP. P. 20.1(a)(2). On December 19, 2013, the district clerk notified the Court that no contest to the affidavit of indigence was filed. Accordingly, on December 27, 2013, we issued an order declaring appellants indigent and entitled to proceed without advance payment of costs. *See* TEX. R. APP. P. 20.1(f), (n).

On January 2, 2014, court reporter Wendy L. Kirby, filed a "Contest to the Affidavit of Larry and/or Terri Stanley and Contest to the Preparation of the Reporter's Record at no Cost to Larry and/or Terri Stanley" with this Court. Ms. Kirby's contest is **DENIED** as untimely.

Texas Rule of Appellate Procedure 20.1(e) provides that if an affidavit of indigence is filed "[t]he clerk, the court reporter, the court recorder, or any party may challenge an affidavit . . . by filing—in the court in which the affidavit was filed—a contest to the affidavit." TEX. R. APP. P. 20.1(e). Further, the Rule states that the contest must be filed "within 10 days after the date when the affidavit was filed if the affidavit was filed in the trial court." *Id.* Appellants' affidavit of indigence was filed in the trial court on November 1, 2013. Ms. Kirby did not file her contest until January 2, 2014. Thus, the contest was untimely. *See id.*; *see also Morris v. Aguilar*, 369 S.W.3d 168 (Tex. 2012) (determining that challenge to litigant's claim of indigence cannot be asserted after 10–day deadline set forth in Texas Rule of Appellate Procedure 20.1). Lack of notice of the filing of an affidavit of indigence cannot be used to excuse an untimely challenge. *See Morris*, 369 S.W.3d at 171.

The Texas Rules of Appellate Procedure state that "[u]nless a contest is timely filed . . . the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs." TEX. R. APP. P. 20.1(f); *see also Morris*, 369 S.W.3d at 170 n.2 ("[W]e likewise hold that an appellant is entitled to proceed without advance payment of

costs if there is no timely challenge to [the] affidavit of indigence.").  Thus, as stated in our December 27, 2013 order, appellants are entitled to proceed with their appeal without advance payment of costs.

Accordingly, it is **ORDERED** that the Court Reporter(s) file with this Court, within 10 days of the date of this order and at no cost to appellant, the reporter's record.  *See* TEX. R. APP. P. 20.1(k), 35.1, 35.3(c).

Appellant's brief is **ORDERED** filed with this Court within 30 days of the date the reporter's record is filed.[1]  *See* TEX. R. APP. P. 38.6(a).  Appellee's brief, if any, must be filed within 30 days after the date appellant's brief is filed.  *See* TEX. R. APP. P. 38.6(b).

It is so ORDERED.

Judge's signature: /s/ Laura C. Higley
☐  Acting individually     ☐  Acting for the Court

Date: January 14, 2014

---

[1]     The clerk's record was filed on November 14, 2013.