# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00342-CV

**Sam Houston and Meera Singh, Appellants**

**v.**

**Ally Financial, Inc., Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 13-0936-C368, HONORABLE RICK J. KENNON, JUDGE PRESIDING**

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

This cause is an appeal from a judgment concerning an automobile and related debt. The Court has given notice of an overdue reporter's record, and the court reporter has advised us that appellants have neither designated the portions of the record they need for appeal nor made arrangements regarding payment. Appellants, who are pro se, insist they are indigent and are entitled to the record free of charge or without prepayment, and they have presented several motions or other requests for relief aimed at compelling the court reporter to prepare and file it. To establish their indigent status, appellants rely on a document titled "Pauper's Affidavit" that they initially filed with the district court on April 29, 2014 and subsequently amended or supplemented on June 11. On August 29, the court reporter filed a contest of appellants' "Pauper's Affidavit" with this Court, complaining of numerous asserted substantive and technical defects.

Assuming appellants' "Pauper's Affidavit" would suffice substantively as an affidavit of indigency that invokes Rule of Appellate Procedure 20.1, the reporter's contest would be

untimely.[1] Although the reporter avers that she was not given notice and was unaware of the "Pauper's Affidavit" until August 28, 2014, the Texas Supreme Court has appeared to hold that such claims, in themselves, do not suffice as grounds for excusing noncompliance with the contest deadline.[2] However, the reporter also points out that the issue of appellants' financial means was specifically addressed in another debt-collection proceeding against them, now the subject of our Cause No. 03-14-00354-CV. In that cause, the trial court, in the course of setting the amount of a supersedeas bond, found explicitly that appellants "are not indigent persons." The date of the trial court's order was May 30, 2014, which is contemporaneous with the dates of the affidavits on which appellants purport to rely in this cause.

Under these circumstances and others reflected in the record, we find good cause for excusing any untimeliness in the reporter's contest. We abate the appeal and remand the contest to the district court below and instruct it to hear evidence in accordance with Rule of Appellate Procedure 20.1 and grant any appropriate relief.[3] Following the district court's ruling, the parties may file a motion to reinstate this appeal.

Before Justices Puryear, Pemberton, and Field

Abated and Remanded

Filed: September 8, 2014

---

[1] *See* Tex. R. App. P. 20.1(e)(1).

[2] *See Morris v. Aguilar*, 369 S.W.3d 168, 171-72 (Tex. 2012) (per curiam).

[3] *See* Tex. R. App. P. 20.1(h).