# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00270-CV
NO. 03-14-00271-CV

**In re Christopher L. Graham**

**FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
NOS. CR2013-366 & CR2013-519
HONORABLE LLOYD DOUGLAS SHAVER, JUDGE PRESIDING**

# O R D E R

**PER CURIAM**

Christopher L. Graham filed a motion challenging the trial court's orders sustaining contests to his affidavit of indigency. *See* Tex. R. App. P. 20.1(j)(1). Having reviewed the motion and the record, including the trial court's findings of fact and conclusions of law, we conclude that the trial court's orders did not constitute an abuse of discretion. *See Morris v. Aguilar*, 366 S.W.3d 208, 211-12 (Tex. App.—Austin 2010) (applying abuse-of-discretion standard to review of trial court's order sustaining indigency contest), *rev'd on other grounds*, 369 S.W.3d 168 (Tex. 2012) (per curiam). An abuse of discretion does not occur as long as some evidence of a substantive and probative character exists to support the trial court's decision. *Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.—Austin 2006, pet. denied). The test for indigence is whether the record as a whole shows by a preponderance of the evidence "'that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so.'"

*Higgins v. Randall Cnty. Sheriff's Office,* 257 S.W.3d 684, 687 (Tex. 2008) (quoting *Pinchback v. Hockless*, 164 S.W.2d 19, 20 (Tex. 1942)).

Graham contends that the trial court erred by sustaining the contests because no evidence was provided to show that he currently has the means to pay for the reporter's and clerk's records. At the hearing on the contests, Graham bore the burden of proving the allegations in his affidavit of indigence. *See* Tex. R. App. 20.1(g)(1). During the hearing, Graham (who is an attorney) equivocated when asked specific questions about his income from court appointments in various cities and counties, stating that he did not know what the exact numbers were. He also would not state how much money he had made on retained cases or how much his earnings were for the past year, again stating that he did not know how much he had made. Graham's lack of knowledge about his income, given that there is evidence that he was employed, does not establish that he is unable to pay the costs for the reporter's record and the clerk's record.

In addition, Graham testified at the hearing that his parents pay his $750 per month car payment, his approximately $1500 per month hotel bill, and provided some part of the $5,000 cash bond to get him released from jail. He also testified that he had not asked his parents to loan him the money for the costs of the reporter's record and the clerk's record. When an affidavit is contested, one of the allegations that the party who filed the affidavit must prove is his inability to obtain a loan for the court costs. *See* Tex. R. App. P. 20.1(b)(9), (g)(1). Graham did not establish that he would be unable to obtain a loan from his parents.

The record as a whole does not show that Graham established that he would be unable to pay the costs, "if he really wanted to and made a good-faith effort to do so." *Higgins,* 257 S.W.3d

at 687. We conclude that the trial court did not abuse its discretion by sustaining the contests.[1]

Accordingly, we deny Graham's motion challenging the trial court's orders sustaining the contests and his motion for free appellate record. *See* Tex. R. App. P. 20.1(j)(4).

It is ordered on October 9, 2014.

Before Justices Puryear, Pemberton, and Field

---

[1] We note that in one of the conclusions of law, the trial court stated that the contests to Graham's affidavit could be sustained on the ground that Graham failed to timely file his affidavit of indigence. We disagree. The Texas Supreme Court has held that appellate courts may dismiss an appeal for untimely filing of an indigency affidavit (or payment of a filing fee) only after allowing the appellant a reasonable time to correct the defect. *See Higgins v. Randall Cnty. Sheriff's Office*, 193 S.W.3d 898, 899-900 (Tex. 2006) (per curiam). Accordingly, the late filing of an affidavit, standing alone, cannot support the sustaining of an indigency contest.

3