

# NUMBER 13-14-00699-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TEXAS HONEYCOMB PARTNERS, LLC,
KATHLEEN MCCARTHY, DAVID MCCARTHY,
DAVID MCCARTHY AS SUCCESSOR-IN-INTEREST
TO SHANNON MCCARTHY, DAVID MCCARTHY
AS SUCCESSOR-IN-INTEREST TO RYAN
MCCARTHY, AND DAVID MCCARTHY AS
SUCCESSOR-IN-INTEREST TO KEVIN MCCARTHY,                 Appellants,

v.

ALAN JOHNSON AND COMPASS BANK,                 Appellees.

On appeal from the 389th District Court
of Hidalgo County, Texas.

# ORDER

Before Justices Garza, Benavides, and Longoria
Order Per Curiam

Appellants, Texas Honeycomb Partners, LLC, Kathleen McCarthy, David McCarthy, David McCarthy as successor-in-interest to Shannon McCarthy, David McCarthy as successor-in-interest to Ryan McCarthy, and David McCarthy as successor-in-interest to Kevin McCarthy, have appealed a judgment rendered against them on September 8, 2014 in favor of appellees Alan Johnson and Compass Bank following a bench trial. The judgment subject to appeal is a "take-nothing" judgment against appellants that awards Compass Bank $557,257.86 on its counterclaim against David McCarthy. Currently before the Court are issues pertaining to the indigency of appellants and preparation of the reporter's record. As discussed herein, the reporter's record should be prepared without payment of costs.

## I. BACKGROUND

In this cause, appellants filed affidavits of indigency in the trial court and sought to proceed on appeal without the payment of costs. *See* TEX. R. APP. P. 20.1. Court reporter, Corina E. Lozano, filed a request with this Court for a hearing on the issue of indigency. Lozano informed the Court that the trial court refused to hold a hearing on indigency on grounds that Lozano did not timely file a contest to the affidavits of indigency, and argued that her contest to indigency should be sustained because she did not receive timely notice that appellants had claimed indigency and appellants failed to meet their burden of proof to establish indigency. More than ten days passed and appellees did not file a response to Lozano's motion. *See id.* R. 10.1(b), 10.3.

The clerk's record filed with this Court contained the appellants' affidavits of indigence, but did not contain Lozano's contest to the affidavits. The record further lacked any trial court ruling pertaining to the timeliness of Lozano's contest or a trial court ruling

2

regarding indigence. Accordingly, we abated this appeal and remanded this cause to the trial court on the matter of indigency. *See generally id.* R. 20.1; *see also Benge v. Harris*, No. 07-13-0064-CV, 2013 WL 1182096, at *1 (Tex. App.—Amarillo Mar. 19, 2013, order) (per curiam) (ordering abatement and remand for a hearing regarding preparation of a reporter's record when the contest to indigency was untimely filed). Appellants moved for reconsideration of this order, which we denied.[1]

This Court has now received the trial court's written order and written findings of fact and conclusions of law regarding the indigence determination, and has also received the reporter's record of the hearing on indigency. After reinstatement of this appeal, Lozano further filed a motion regarding payment of the reporter's record.

Our review of the supplemental record after abatement reveals the following. After judgment was entered in this case, the appellants filed affidavits of indigence in the trial court on December 3, 2014. After the notice of appeal was filed, on January 21, 2015, Lozano filed a contest to challenge appellants' affidavits of indigence in the trial court, and that contest was scheduled for hearing. However, on January 29, 2015, the day that the contest was scheduled for hearing, the trial court "concluded that said contest was not filed within the time prescribed by [Texas Rule of Appellate Procedure 20.1(e)(1)], and therefore a hearing of the contest was proscribed by [Rule 20.1(f)]." *See id.* R.

---

[1] In this regard, it appears that both the trial court and counsel for appellants viewed the hearing on abatement to be unnecessary given that the allegations in the appellants' affidavits were deemed true, but nevertheless proceeded with the hearing on abatement as directed. As stated previously, the clerk's record before this Court contained only the appellants' affidavits of indigence and did not contain the contest itself or the trial court's ruling on the contest. Although appellants furnished this Court with Lozano's contest by verified motion for reconsideration, our review of materials presented to the Court is confined to the scope of the appellate record. *See Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) ("Affidavits outside the record cannot be considered by the Court of Civil Appeals for any purpose other than determining its own jurisdiction."). Moreover, neither the appellate record nor the materials furnished by appellants contained any ruling by the trial court on the issue of indigence.

20.1(e)(1),(f).  Accordingly, no hearing was held.  The record before the Court does not include an order overruling Lozano's contest.

At the hearing held after abatement, the trial court concluded that the appellants "were without financial resources sufficient to enable them to travel to Texas to participate in the . . . hearing."  The trial court found that the Hidalgo County District Clerk did not send copies of the indigency affidavits to Lozano and that her contest was not timely filed, thus the allegations in the appellants' indigency affidavits were "deemed true."  The trial court further concluded that appellants' affidavits "substantially complied" with the requirements of the appellate rules.  Thus, the trial court overruled Lozano's contest.

## II.  APPLICABLE LAW

The concept that courts should be open to all, including those who cannot afford the costs of admission, is "firmly embedded" in Texas jurisprudence.  *Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008); *see, e.g.*, TEX. CONST. art. I, § 13.  The option of submitting an affidavit of indigence in lieu of a filing fee has been available in civil appeals for more than a century, first by statute and now by rule.  *See Higgins*, 257 S.W.3d at 686.  Throughout this time, the "fundamental requirement" for asserting indigence has remained the same:  the applicant must declare to the court, by affidavit, an inability to pay any the costs of appeal.  *Id.*; *see* TEX. R. APP. P. 20.1(a)(1), (b),(k).  The method of ensuring fairness, permitting interested parties to contest the claim of indigence, has also been in place for more than a century.  *Higgins*, 257 S.W.3d at 686; *see* TEX. R. APP. P. 20.1(e).

Texas Rule of Appellate Procedure 20.1 governs the procedures to establish an appellant's indigence in civil cases.  *See id.* R. 20.1; *Higgins v. Randall Cnty. Sheriff's*

4

*Office*, 257 S.W.3d 684, 685 (Tex. 2008). Under this rule, the appellant must file an affidavit of indigence with or before the notice of appeal. TEX. R. APP. P. 20.1(c)(1). The Texas Rules of Appellate Procedure provide that an affidavit of indigence "must" contain "complete information" regarding the following items described in Rule 20.1(b):

(1) the nature and amount of the party's current employment income, government-entitlement income, and other income;

(2) the income of the party's spouse and whether that income is available to the party;

(3) real and personal property the party owns;

(4) cash the party holds and amounts on deposit that the party may withdraw;

(5) the party's other assets;

(6) the number and relationship of any dependents;

(7) the nature and amount of the party's debts;

(8) the nature and amount of the party's monthly expenses;

(9) the party's ability to obtain a loan for court costs;

(10) whether an attorney is providing free legal services to the party without a contingent fee; and

(11) whether an attorney has agreed to pay or advance court costs.

TEX. R. APP. P. 20.1(b). Nevertheless, an affidavit that substantially complies with these requirements will suffice to establish indigence when no contest has been filed. *See Higgins*, 257 S.W.3d at 687. The trial court clerk, the court reporter, or any party may challenge the claim of indigence by filing a contest to the appellant's affidavit. *Id.* R. 20.1(e). If the affidavit is contested, the burden is on the applicant to prove indigence by

5

a preponderance of the evidence. TEX. R. APP. P. 20.1(g); *Higgins*, 257 S.W.3d at 286; *Burgess v. Feghhi*, 191 S.W.3d 411, 413 (Tex. App.—Tyler 2006, no pet.).

Rule 20.1(e)(1) of the Texas Rules of Appellate Procedure requires a contest to be filed within ten days after the filing of the affidavit of indigence. TEX. R. APP. P. 20.1(e)(1). The rule also provides that if a contest is not timely filed, "no hearing will be conducted, the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs." *Id.* R. 20.1(f).

A decision on indigency is reviewed to see whether the trial court's decision constituted an abuse of its discretion. *Rodgers v. Mitchell*, 83 S.W.3d 815 (Tex. App.—Texarkana 2002, no pet.); *Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.). We determine indigence by examining whether the record as a whole shows that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so. *Higgins*, 257 S.W.3d at 286; *see also* TEX. R. APP. P. 20.1(h)–(i).

### III. ANALYSIS

In this case, the trial court concluded that Lozano failed to receive notice of the filing of the affidavits of indigence, thus her contest to the affidavits of indigence was untimely. In *Morris v. Aguilar*, the Texas Supreme Court determined that a trial court cannot cure the late filing of a contest. 369 S.W.3d 168, 170 (Tex. 2012) (per curiam). It also noted that Rule 2 of the Texas Rules of Appellate Procedure, which authorizes an appellate court to suspend the operation of a rule for good cause, does not apply to Rule 20.1(f) which requires a contest to be timely filed. *Id.* at 171. The supreme court held that lack of actual notice to a court reporter of the filing of an affidavit of indigence is not

6

good cause for failing to timely file a contest. *Id.*; *see also Benge v. Harris*, No. 07-13-0064-CV, 2013 WL 1800128, at *1 n.3 (Tex. App.—Amarillo Apr. 25, 2013, no pet.).

Based on the foregoing, the trial court correctly did not hold a hearing on the contest and the allegations in the appellants' affidavits are deemed true. *See* TEX. R. APP. P. 20.1(f); *Morris*, 369 S.W.3d at 171. This is so even though the court reporter failed to timely file the contest through no fault of her own. *See Morris*, 369 S.W.3d at 171. In this instance, the party is "absolutely entitled to the exemption from costs" and "the trial court lacks the authority to affect the party's entitlement." *Rios v. Calhoon*, 889 S.W.2d 257, 258–59 (Tex. 1994) (orig. proceeding) (per curiam); *Burgess v. Feghhi*, 191 S.W.3d 411, 414-15 (Tex. App.—Tyler 2006, no pet.); *In re B.A.C.*, 4 S.W.3d 322, 323 (Tex. App.—Houston [1st Dist.] 1999, pet. dism'd).

Accordingly, to the extent that Lozano's arguments focus on the fact that her contest was not timely filed because she did not receive notice that appellants had filed affidavits of indigence, we must reject them. *See* TEX. R. APP. P. 20.1(f); *Morris*, 369 S.W.3d at 171. Lozano's arguments also focus on her allegations that that the affidavits of indigence fail to establish that appellants should be allowed to proceed without payment of costs because counsel has a contingency fee arrangement with appellants. Lozano asserts that "[i]t's my understanding that when an attorney takes a case on a contingent-fee basis, he takes on the responsibility of covering all costs to litigate a cause of action." In this case, the affidavits of indigence state generally that appellants are "not receiving *pro bono* legal services, nor have any been offered or promised" to them, and that "[n]o attorney or law firm has promised or agreed to advance or pay [their] appeal costs." On

remand, counsel for appellants testified that they have a "contingent arrangement" with appellants and "so it's not free."

As stated previously, the Texas Supreme Court has held that when there is no timely contest to an affidavit of indigence, a party "*must* be allowed to proceed on appeal without advance payment of costs." *Morris*, 369 S.W.3d at 172 (emphasis added); *see* TEX. R. APP. P. 20.1(f); *Higgins*, 257 S.W.3d at 688; *see also Rios v. Calhoon*, 889 S.W.2d 257, 258–59 (Tex.1994) (per curiam) (holding that where a party files an affidavit of inability to pay costs and no timely contest is filed, "the trial court lacks the authority to affect the party's entitlement.").[2] Further, we are prohibited from reviewing the trial court's ruling because an order overruling a contest is not subject to appellate review. *See* TEX. R. APP. P. 20.1(j)(5). In this regard, however, we note that Lozano's stated concern regarding the validity of the affidavits is not supported by the applicable law.

An indigent appellant is not required to show that others are unable to pay the costs of appeal. *Allred v. Lowry*, 597 S.W.2d 353, 355 (Tex. 1980) (holding that an indigent appellant was not required to show that his relatives "were unable or unwilling to extend charity to him" to pay the costs of appeal); *Goffney v. Lowry*, 554 S.W.2d 157, 160 (Tex. 1977) (same). In accord with this proposition, in *Griffin Industries, Inc. v. Thirteenth Court of Appeals*, 934 S.W.2d 349 (Tex. 1996), the Texas Supreme Court addressed what effect a client's fee arrangement with its attorney had on the contest to its affidavit of inability to pay costs on appeal. *Id.* at 352. The Texas Supreme Court concluded that if the

---

[2] It is clear that affidavits of indigence that fulfill the fundamental purpose of Rule 20.1 are sufficient even if they fail to follow the specific requirements of that rule. *See Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 689 (Tex. 2008). The Texas Supreme Court has not yet addressed the situation where an affidavit of indigence is so deficient as to amount to no affidavit at all. *Cf. Scoresby v. Santillan*, 346 S.W.3d 546, 556 (Tex.2011) (stating that under certain circumstances an expert report may be so deficient as to constitute no report at all). That situation is not presented in this case and so we do not address it.

8

agreement provides that the attorney is to pay or advance costs, and the appellant makes no further showing, the agreement would be some evidence that the appellant has a source of funds from which to pay costs. *Id.* But, when the facts establish that the attorney will not or cannot pay those costs, we do not "erect a legal fiction" that indigent individuals have the ability to pay if they "really wanted to." *Id.*; *see Allred v. Lowry*, 597 S.W.2d 353, 355 (Tex. 1980); *Pinchback v. Hockless*, 164 S.W.2d 19, 20 (Tex. 1942). The court stated:

> The right of the indigent to pursue an appeal should not turn on whether an attorney abides by an agreement to pay or to advance costs. When the attorney is obligated to the client to pay or advance costs but will not or cannot do so, the indigent should not be stripped of his or her indigent status.

*Id.* at 354; *see also Arevalo v. Millan*, 983 S.W.2d 803, 808 (Tex. App.—Houston [1st Dist.] 1998, no pet.). Accordingly, an indigent appellant is not required to show that his attorney, who has a contingency fee agreement, is unable or unwilling to pay the costs of appeal. *See Griffin*, 934 S.W.2d at 353; *In re Sosa*, 980 S.W.2d 814, 815 (Tex. App.—San Antonio 1998, orig. proceeding); *Grimaldo v. Lewis*, 915 S.W.2d 222, 223–24 (Tex. App.—Corpus Christi 1996, orig. proceeding).

## IV. CONCLUSION

The Court, having examined and fully considered Lozano's motions pertaining to the appellate record, is of the opinion that her motion for reconsideration should be and is denied. She is ORDERED to prepare and file the reporter's record as soon as practicable but in no event later than 60 days from the date of this order.

PER CURIAM

Delivered and filed the
1st day of July, 2015.

9