# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00750-CV

**Rhonda Jane Finney, Appellant**

**v.**

**David M. DeWitte, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. D-1-FM-13-002376, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING**

## O R D E R

**PER CURIAM**

Rhonda Jane Finney filed a motion challenging the trial court's order sustaining a contest to her affidavit of indigency. *See* Tex. R. App. P. 20.1(j)(1). Having reviewed the motion and the record, we conclude that the trial court's order did not constitute an abuse of discretion. *See Morris v. Aguilar*, 366 S.W.3d 208, 211-12 (Tex. App.—Austin 2010) (applying abuse-of-discretion standard to review of trial court's order sustaining indigency contest), *rev'd on other grounds*, 369 S.W.3d 168 (Tex. 2012) (per curiam). An abuse of discretion does not occur as long as some evidence of a substantive and probative character exists to support the trial court's decision. *Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.—Austin 2006, pet. denied). The test for indigence is whether the record as a whole shows by a preponderance of the evidence "'that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made

a good-faith effort to do so.'" *Higgins v. Randall Cty. Sheriff's Office,* 257 S.W.3d 684, 687 (Tex. 2008) (quoting *Pinchback v. Hockless*, 164 S.W.2d 19, 20 (1942)).

Finney contends that the trial court erred by sustaining the contest because there was insufficient evidence to support a finding that she is intentionally underemployed. She further argues that she is presently unable to pay for the reporter's record. At the hearing on the contest, Finney bore the burden of proving the allegations in her affidavit of indigence. *See* Tex. R. App. P. 20.1(g)(1). In her affidavit, she listed total monthly expenses in the amount of $4,556.28 and total monthly income of $2,500.00, noting "I am surviving off loans and by the grace and help of Fred Peterson." Finney testified that unless she receives money from her father or from her friend Fred Peterson, she cannot make her payments. Although her expenses are more than her income, and she is making her payments only with assistance from her father and Peterson, she acknowledged that many of the expenditures itemized in her checking-account statement were for non-necessities such as Starbucks coffee, meals out at a number of restaurants, pet food, and shopping at expensive grocery stores.

Finney has a college degree and was certified to teach in another state. She is currently a graduate student and employed three nights per week as a waitress. Finney acknowledged that she could be working full time, but that she has decided not to do so because she is going to school, seeking a yoga certification, spending time with her son when possible, and learning to represent herself pro se for this appeal.

Finney testified that she had taken out loans to have legal representation during the trial. Although Finney indicated that she did not want to continue to rely on her father and Peterson

for money, she did not establish that she would be unable to obtain a loan from her father or Peterson to pay for the reporter's record. When an affidavit is contested, one of the allegations that the party who filed the affidavit must prove is his inability to obtain a loan for the court costs. *See* Tex. R. App. P. 20.1(b)(9), (g)(1).

The record as a whole does not show that Finney established that she would be unable to pay the costs, "if [s]he really wanted to and made a good-faith effort to do so." *Higgins,* 257 S.W.3d at 687. We conclude that the trial court did not abuse its discretion by sustaining the contest. Accordingly, we deny Finney's motion challenging the trial court's order sustaining the indigency contest. *See* Tex. R. App. P. 20.1(j)(4).

It is ordered on December 23, 2015.


Before Justices Puryear, Goodwin, and Bourland