# IN THE SUPREME COURT OF TEXAS

No. 16-0270

IN RE NORMA HEREDIA

ON PETITION FOR WRIT OF MANDAMUS

**PER CURIAM**

JUSTICE WILLETT did not participate in the decision.

This petition for writ of mandamus asks whether a court reporter may challenge an appellant's indigence claim after the ten-day deadline set forth in Texas Rule of Appellate Procedure 20.1. We hold that the Rule does not allow for an untimely challenge, even if the court reporter did not receive notice of the indigence claim.

Relator Norma Heredia sued Real Party in Interest Wal-Mart Stores Texas, L.L.C. for personal injuries she sustained from a slip-and-fall at a Wal-Mart store. Wal-Mart denied responsibility for Heredia's injuries and moved for no-evidence summary judgment, which the trial court granted. On February 23, 2016, Heredia timely filed a notice of appeal and an affidavit of indigence in the trial court. No one filed a challenge to Heredia's affidavit within the following ten days. But on March 23, 2016, the court of appeals issued a *sua sponte* order, purportedly "pursuant to Texas Rule of Appellate Procedure 20.1(e)," allowing any interested parties to file a challenge to Heredia's affidavit in the ten days following the date of that order. The court further ordered that if a contest was "timely filed," the trial court should conduct a hearing, prepare findings of fact and conclusions of law, and supplement the appellate record.

The court reporter filed a challenge to Heredia's affidavit three days after the court of appeals' order. In a letter filed in this Court, the court reporter stated that the trial court had not informed her that Heredia had filed an indigency affidavit and that she was unaware of the affidavit until she received the court of appeals' March 23 order. Pursuant to the court of appeals' order, the trial court set a hearing to determine Heredia's indigence. Heredia filed a motion to stay the hearing and a petition for writ of mandamus in this Court. We granted the motion to stay pending the disposition of her petition.

The procedural rules are clear: a person seeking to challenge an indigency affidavit must file a contest "within 10 days after the date when the affidavit was filed." TEX. R. APP. P. 20.1(e)(1). If no one timely contests the affidavit, "no hearing will be conducted, the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs." TEX. R. APP. P. 20.1(f). In other words, an affidavit of indigence filed in a trial court is operative unless challenged within ten days of its filing.

The court reporter notes that when an appellant files an indigency affidavit with the trial court clerk, the rule requires the clerk to "promptly send a copy of the affidavit to the appropriate court reporter." TEX. R. APP. P. 20.1(d)(1). Because the clerk failed to promptly send the court reporter a copy of the affidavit, the court reporter asserts that "good cause" exists for the appellate court's extension of the ten-day deadline. Our rules do allow for suspension of a rule's operation when good cause exists. *See* TEX. R. APP. P. 2 ("[A]n appellate court may—to expedite a decision or *for other good cause*—suspend a rule's operation in a particular case and order a different procedure . . . ." (emphasis added)). But lack of notice "in this context to a court reporter of the filing of an affidavit of indigence is not good cause in light of Rule 20.1." *Morris v. Aguilar*, 369

S.W.3d 168, 171 (Tex. 2012). In short, the clerk's failure to promptly send a copy of an indigency affidavit to a court reporter "is not grounds for denying an indigent appellant the benefits of" Rule 20.1(f), *Morris*, 369 S.W.3d at 172; *see also id.* at 171 ("Rule 20.1(f) is mandatory to protect the indigent appellant and uphold the principle that '[c]ourts should be open to all, including those who cannot afford the costs of admission.'" (quoting *In re C.H.C.*, 331 S.W.3d 426, 429 (Tex. 2011) (per curiam))). The rules simply do not permit any out-of-time challenges, regardless of the reason for delay.

Texas Rule of Appellate Procedure 20.1(f) mandates that, absent a timely challenge to an affidavit of indigence, a party must be allowed to proceed on appeal without advance payment of costs. TEX. R. APP. P. 20.1(f); *Rios v. Calhoon*, 889 S.W.2d 257, 258–59 (Tex. 1994) (per curiam) (explaining that without a timely challenge "the party is absolutely entitled to the exemption from costs, and the trial court lacks the authority to affect the party's entitlement" (citations omitted)). Thus, pursuant to Rule 52.8(c) of the Texas Rules of Appellate Procedure, the Court conditionally grants the writ of mandamus and directs the court of appeals to vacate its March 23 order and to allow Heredia to proceed with her appeal without payment of costs. The writ will issue only if the court of appeals fails to act in accordance with this opinion.


Opinion Delivered: September 30, 2016