**Affirmed and Memorandum Opinion filed December 20, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00462-CV

## ALI YAZDCHI, Appellant

## V.

## KENNETH MINGLEDORFF AKA MINGLEDORFF LAW FIRM, Appellee

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-66361**

## M E M O R A N D U M   O P I N I O N

In July 2016, the district clerk contested appellant Ali Yazdchi's affidavit of indigence under Rule 145 of the Texas Rules of Civil Procedure. The trial court sustained the contest and ordered Yazdchi to pay the $360 filing fee. When Yazdchi failed to pay the filing fee, the trial court dismissed Yazdchi's suit for want of prosecution. In a single multifarious issue, Yazdchi contends that the trial court erred because (1) the clerk's contest was filed more than ten days after Yazdchi filed his

affidavit, and (2) the court failed to reinstate the case after Yazdchi paid the $360 filing fee.

## I.     No Ten-Day Deadline

Yazdchi contends that the trial court erred by sustaining the clerk's contest because the contest was filed more than ten days after Yazdchi filed his affidavit of indigence. Yazdchi relies on the former version of Rule 20.1 of the Texas Rules of Appellate Procedure, which concerned indigency status *on appeal*. *See* Tex. R. App. P. 20.1, 71 Tex. B.J. 289–90 (2008, amended 2016). The former Rule 20.1 required an appellant to file an affidavit of indigence with or before the notice of appeal, and "[t]he prior filing of an affidavit of indigence in the trial court pursuant to Rule 145 [of the Texas Rules of Civil Procedure did] not meet the requirements of this rule, which require[d] a separate affidavit and proof of current indigence." Tex. R. App. P. 20.1(d)(1), 71 Tex. B.J. 289. The clerk was required to contest this appellate affidavit within ten days of the filing of the affidavit. *See* Tex. R. App. P. 20.1(f), 71 Tex. B.J. 290. Absent a timely contest, indigence on appeal was presumed and mandatory. *See Morris v. Aguilar*, 369 S.W.3d 168, 170–71 (Tex. 2012).

Appellant cites no authority, however, for the proposition that former Rule 20.1 applied to a clerk's contest of an affidavit of indigence filed under the former Rule 145 of the Texas Rules of Civil Procedure. Under the former rules, the affidavit of indigence for purposes of Rule 145 did not carry forward to the appeal. *See* Tex. R. App. P. 20.1(d)(1), 71 Tex. B.J. 289. And, Rule 145 did not explicitly require the clerk to contest an affidavit of indigence in the trial court within ten days. *See* Tex. R. Civ. P. 145, 68 Tex. B.J. 854 (2005, amended 2016).

Accordingly, the trial court did not err by considering the clerk's contest although it was filed more than ten days after Yazdchi filed his affidavit of indigence.

## II. Untimely and Unverified Motion to Reinstate

Yazdchi also asks this court to reinstate his case because he ultimately paid the $360 filing fee. More than thirty days after the trial court's order of dismissal, Yazdchi filed an unverified motion to reinstate, attaching a receipt to show his payment of the filing fee to the clerk.

Generally, a motion to reinstate following a dismissal for want of prosecution must be verified and filed within thirty days of the trial court's order. *See* Tex. R. Civ. P. 165a(3). A trial court abuses its discretion if it grants an unverified motion to reinstate filed more than thirty days after the order of dismissal. *See McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (per curiam). *See generally Young v. Di Ferrante*, 553 S.W.3d 125 (Tex. App.—Houston [14th Dist.] 2018, pet. filed).

Accordingly, the trial court did not err by failing to reinstate the case based on Yazdchi's untimely and unverified motion.

## III. Conclusion

Having overruled Yazdchi's issue, we affirm the trial court's judgment.


/s/     Ken Wise
        Justice


Panel consists of Justices Busby, Brown, and Wise.