Cathy BURGESS, Appellant,

v.

Mohammad FEGHHI, Appellee.

No. 12–05–00082–CV.

Court of Appeals of Texas, Tyler.

March 31, 2006.

Cathy Burgess, Tyler, pro se.

Charles K. Tabet, San Antonio, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Cathy Burgess appeals from the trial court's order sustaining the court reporters' contest to Burgess's affidavit of indigence. Burgess contends the trial court abused its discretion in sustaining the contest, the trial court was biased, her rights to equal protection and due process have been violated, and the rules regarding indigency are unconstitutional. Because the trial court erred in sustaining the contest, we vacate the trial court's order.

### BACKGROUND

On August 2, 1988, Cathy Burgess gave birth to a daughter, Shela. On July 14, 1989, a Bexar County court declared Mohammad Feghhi to be the father and ordered him to pay child support, provide health insurance for the child, and pay all health care expenses not paid by insurance. On May 29, 1990, Burgess filed the first of many motions to enforce that child support order. In July 1991, Feghhi was almost $9,000.00 in arrears and was found in contempt for failing to pay as ordered. In 2003, the case was transferred to Smith County because Burgess and the child now reside in this county. On November 15, 2004, the Smith County trial court entered an order modifying child support.

On November 29, 2004, Burgess, proceeding pro se, filed a notice of appeal and request to proceed in forma pauperis to

have that order reviewed. A motion to proceed in forma pauperis, together with an affidavit of indigence, was filed in this court on December 3. Another "request for appeal" was filed in the trial court on December 7 and in this court on December 9. On January 14, 2005, this court sent notice to the district clerk and to court reporters Kim Christopher and Kristy L. Crawford informing them that the clerk's and reporter's records were past due. On February 1, Crawford filed a contest to Burgess's affidavit of inability to pay costs. Christopher and a third reporter, Karla K. Clark, filed contests on February 2. The clerk's record was filed on February 4, 2005.

On February 10, the trial court held a hearing on the contest of indigence. Crawford and Burgess appeared pro se. The trial court found that the contest was timely because the reporters did not receive notice of the appeal until January 31. After considering both the November 29 and December 3 affidavits of indigence, the trial court determined that Burgess did not comply with Texas Rule of Appellate Procedure 20.1, which states with specificity what information must be contained in the affidavit. The court sustained the contest because Burgess "did not follow the law."

### TIMELINESS OF CONTEST

In her second issue, Burgess contends the trial court abused its discretion when it sustained the contest because the contest was late and her affidavit of indigence was sufficient. We agree that the contest should not have been sustained.

### Applicable Law

Under present Rule 20.1, an appellant who cannot pay the costs of an appeal may proceed without advance payment of costs if she files an affidavit of indigence containing certain specified information with or before the notice of appeal. Tex.R.App. P. 20.1. If the affidavit of indigence is filed with the trial court clerk, the clerk must promptly send a copy of the affidavit to the appropriate court reporter. Tex. R.App. P. 20.1(d). The clerk, the court reporter, or any party may challenge the claim of indigence by filing a contest to the affidavit within ten days after the date when the affidavit was filed in the trial court. Tex.R.App. P. 20.1(e). The rule specifically provides that "[u]nless a contest is timely filed, no hearing will be conducted, the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs." Tex.R.App. P. 20.1(f). However, if a contest is filed, the party who filed the affidavit of indigence must prove the affidavit's allegations. Tex. R.App. P. 20.1(g).

### Discussion

■ The trial court first addressed the issue of the timeliness of the court reporters' contest. In ruling in the reporters' favor, the court quoted a San Antonio Court of Appeals case that held the reporter may file a contest outside the ten day period set out in the rules when the record suggests that the court reporter was not served with notice of the affidavit by the clerk. See *In re J.N.L.*, 158 S.W.3d 527, 531 (Tex.App.-San Antonio 2004, no pet.). There, the court explained that there was nothing in the record to show the reporter had notice of the affidavit, she was not at fault, she had been "deprived of the opportunity to file a contest" to the appellant's claim of indigence, and she may sustain a monetary injury by having to provide a reporter's record without prepayment of costs. *Id.* at 529. Because the "reporter was deprived of notice and an opportunity to file a contest" to the claim of indigence, the court applied Texas Rule of Appellate Procedure 2(b) to suspend the time period

for filing the contest. *Id.* at 530. The court abated the appeal and sent the case to the trial court for a hearing on whether the trial court clerk sent notice to the reporter or whether the reporter otherwise had actual notice. *Id.* We respectfully disagree with the San Antonio court's reasoning and outcome.

The San Antonio court relied on *In re C.M.G.,* 883 S.W.2d 411, 413 (Tex.App.-Austin 1994, no pet.). The Austin court relied on *Watson v. Hart,* 871 S.W.2d 914, 918 (Tex.App.-Austin 1994, orig. proceeding). The court in *Watson,* in turn, relied on *Jones v. Stayman,* 747 S.W.2d 369, 369 (Tex.1987) (orig.proceeding). These three cases all involved Rule 40(a), the predecessor to Rule 20.1. That rule, which was in effect from September 1, 1986 until September 1, 1997, required the appellant or his attorney to provide notice of the affidavit of indigence to the reporter. *See* Tex. R.App. P. 40(a)(3)(B) (repealed 1997). The *Jones* court held that the notice requirement in Rule 40(a)(3)(B) was intended to allow the court reporter and the appellee the opportunity to file a timely written contest. *Jones,* 747 S.W.2d at 369.

The rationale of *Jones, Watson,* and *C.M.G.* is consistent with the rule in effect at the time. When the burden is on the appellant to give notice and he does not, he should not be allowed to benefit by his failure to do so by application of the rule's mandate that, in the event the affidavit is not timely contested, the allegations in it are taken as true. However, the current rule requires the clerk, not the appellant, to give notice. An appellant should not be punished when the clerk fails to send the required notice to the reporter.[1] We conclude that application of the rationale in *Jones, Watson,* and *C.M.G.* would unjustly deny the appellant her right to rely on the rule mandating that the affidavit's allega-

tions be taken as true and improperly place the burden on the appellant to prove the allegations in the face of a late contest.

■ We note also that prior to September 1, 1986, the rules did not require anyone to notify the court reporter that an affidavit of indigence had been filed. *See, e.g.,* Tex.R. Civ. P. 355 (1984, repealed 1986). At least one court held that an experienced court reporter must have been aware of the procedural time limits involved and, once the affidavit was filed, it became a public record of which the reporter was charged with constructive notice. *Perez v. McGar,* 630 S.W.2d 320, 322 (Tex.App.-Houston [14th Dist.] 1982, orig. proceeding). Further, although an affidavit of indigence is no longer used to invoke appellate jurisdiction, it is no less essential to an appeal because if a contest to the affidavit is sustained, the appellant must either pay for the appellate record or suffer dismissal of the appeal or affirmance of the trial court's judgment. Tex.R.App. P. 37.3(b); *Bennett v. Cochran,* 96 S.W.3d 227, 229 (Tex.2002); *In re J.W.,* 52 S.W.3d 730, 733 (Tex.2001). Because of their significant impact, we construe the rules governing indigency in favor of the right to be heard on appeal. *See In re B.R.G.,* 37 S.W.3d 542, 544 (Tex.App.-El Paso 2001, no pet).

Burgess timely filed an affidavit of indigence at the time she filed her notice of appeal, on November 29, 2004. The clerk was required to send notice to the court reporters. Any contest was required to be filed within ten days after the date the affidavit was filed in the trial court. The first contest was filed on February 1, 2005, decidedly late. Under the rules, the court should not have held a hearing and the affidavit's allegations are to be deemed true. Tex.R.App. P. 20.1(f). In this in-

---

1. In this case, the trial court did not inquire     of the clerk whether she in fact sent notice.

stance, the party is "absolutely entitled to the exemption from costs" and "the trial court lacks the authority to affect the party's entitlement." *Rios v. Calhoon*, 889 S.W.2d 257, 258–59 (Tex.1994) (orig.proceeding); *In re B.A.C.*, 4 S.W.3d 322, 323 (Tex.App.-Houston [1st Dist.] 1999, pet. dism'd); *Knowles v. Mack*, 04–04–00422–CV, 2004 WL 1835966, at *1 2004 Tex.App. LEXIS 7385, at *3 (Tex.App.-San Antonio August 18, 2004, no pet.)(mem.op.)(not designated for publication). We sustain Burgess's second issue.

## JUDGE'S BIAS

In her third issue, Burgess asserts that the trial judge was biased against her because she is poor. She argues that the judge acted arbitrarily and was not concerned with the child's best interest. She complains that the judge would not listen to her, but helped the reporters. Burgess also claims that the judge let her staff lose papers Burgess filed and ignored her motions. Because the judge appeared not to like Burgess and was not impartial, Burgess argues, the judge should be disqualified.

The discretion vested in the trial court over the conduct of a trial is great. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex.2001). A trial court has the authority to express itself in exercising this broad discretion. *Id.* at 240–41. Opinions the judge forms during a trial do not necessitate recusal unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994). Judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases ordinarily do not support a bias or partiality challenge. *Id.* Expressions of impatience, dissatisfaction, annoyance, or anger do not establish bias. *Id.* 510 U.S. at 555–56, 114 S.Ct. at 1157.

Much of what Burgess complains of apparently occurred during the modification proceedings because it did not occur on the day of the contest hearing, which is all that is presently before us. Further, we find nothing in this record that rises to the level of judicial bias against Burgess. We overrule Burgess's third issue.

## ISSUES UNNECESSARY TO DISPOSITION

In issues four and five, Burgess contends she has been denied due process and equal protection and that the applicable rules are unconstitutional. We need not reach these issues. Where a court can rest its decision on nonconstitutional grounds, it will not reach constitutional questions. *State v. Windham*, 837 S.W.2d 73, 78 n. 4 (Tex.1992). Further, because our determination of issue two governs the outcome of this case, we do not reach Burgess's issues one and six. *See* Tex. R.App. P. 47.1.

## CONCLUSION

Because the contest to the affidavit of indigence was not timely, the trial court erred in holding the hearing. The allegations in the affidavit are deemed true and Burgess must be allowed to proceed without advance payment of costs. *See* Tex. R.App. P. 20.1(f).

We *vacate* the trial court's order dated February 11, 2005 and *order* that the contest to Burgess's affidavit of indigence is overruled. *See* Tex.R.App. P. 43.2(c).