# NO. 12-07-00421-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *REGINALD TYLER,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 321ST* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *KRISTY L. CRAWFORD,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Reginald Tyler appeals the trial court's order sustaining the court reporter's contest to his declaration of inability to pay costs. In two issues, Tyler asserts that the trial court reversibly erred by sustaining the court reporter's contest to his affidavit. Additionally, Tyler presents, in his brief, a motion that we order him to present other arguments. We affirm the trial court's order and overrule Tyler's motion.

### BACKGROUND

On October 11, 2007, Tyler mailed to the district clerk's office a notice of appeal relating to the trial court's final order in a lawsuit affecting the parent-child relationship between him and his children. Along with that notice, Tyler enclosed a document labeled "DECLARATION OF INABILITY TO PAY COST." In the declaration, Tyler asserted that he was unable to pay the cost associated with the preparation of a reporter's record in his appeal. The district clerk received and filed the notice of appeal and declaration on October 17, 2007.

On October 24, 2007, the court reporter for the trial court filed a contest to Tyler's declaration. The trial court held a hearing on the matter, at which Tyler asserted that his declaration

constituted an affidavit of indigence sufficient to trigger Texas Rule of Appellate Procedure 20.1. After the hearing, the trial court signed an order sustaining the court reporter's contest to the declaration. This appeal followed.

CONTEST TO AFFIDAVIT

In his first issue, Tyler asserts that the trial court erred by improperly applying the law relating to calculating the deadline for the court reporter to file her contest. In his second issue, Tyler contests the truth of the trial court's written finding of fact that the "Declaration was received by the District Clerk of Smith County on October 17, 2007."

**Applicable Law and Standard of Review**

Under current Texas Rule of Appellate Procedure 20.1, an appellant who cannot pay the costs of an appeal may proceed without advance payment of costs if he files an affidavit of indigence containing certain specified information with or before the notice of appeal. ***Burgess v. Feghhi***, 191 S.W.3d 411, 413 (Tex. App.–Tyler 2006, no pet.) (citing TEX. R. APP. P. 20.1). If the affidavit of indigence is filed with the trial court clerk, the clerk must promptly send a copy of the affidavit to the appropriate court reporter. ***Burgess***, 191 S.W.3d at 413 (citing TEX. R. APP. P. 20.1(d)). The clerk, the court reporter, or any party may challenge the claim of indigence by filing a contest to the affidavit within ten days after the date the affidavit was filed in the trial court. ***Burgess***, 191 S.W.3d at 413 (citing TEX. R. APP. P. 20.1(e)). Rule 20.1 specifically provides that "[u]nless a contest is timely filed, no hearing will be conducted, the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs." TEX. R. APP. P. 20.1(f); ***Burgess***, 191 S.W.3d at 413. If a contest is timely filed, the party who filed the affidavit of indigence must prove the affidavit's allegations. ***Burgess***, 191 S.W.3d at 413 (citing TEX. R. APP. P. 20.1(g)).

We review a trial court's decision to sustain a contest to a Rule 20.1 affidavit of indigence under an abuse of discretion standard of review. *See* ***Jackson v. Tex. Bd. of Pardons & Paroles***, 178 S.W.3d 272, 275 (Tex. App.–Houston [1st Dist.] 2005, no pet.). A trial court abuses its discretion when its decision is arbitrary, unreasonable, or without reference to any guiding rules or legal principles. ***K-Mart Corp. v. Honeycutt***, 24 S.W.3d 357, 360 (Tex. 2000) (citing ***Bocquet v.***

2

*Herring*, 972 S.W.2d 19, 21 (Tex. 1998)). "The mere fact that a trial judge may decide a matter within [her] discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." ***Childs v. Argenbright***, 927 S.W.2d 647, 650 (Tex. App.–Tyler 1996, no writ) (quoting ***Downer v. Aquamarine Operators, Inc.***, 701 S.W.2d 238, 242 (Tex. 1985)). However, "a trial court has no discretion in determining what the law is or applying the law to the facts." ***Spitzer v. Berry***, 247 S.W.3d 747, 750 (Tex. App.–Tyler 2008, pet. denied) (quoting ***In re Kuntz***, 124 S.W.3d 179, 181 (Tex. 2003) (orig. proceeding)).

**Discussion**

In his first issue, Tyler asserts that the trial court erred by improperly applying the law relating to calculating the deadline for the court reporter to file her contest. Rule 20.1(e) requires that a contest to an affidavit of indigence be filed within ten days after the date when the affidavit was "filed" in the trial court. TEX. R. APP. P. 20.1(e); ***Burgess***, 191 S.W.3d at 413. It was undisputed at the hearing that Tyler placed his affidavit of indigence in the mail on October 11, 2007. Likewise, it was undisputed that the affidavit was received and filed in the district clerk's office on October 17, 2007 and that the court reporter's contest to that affidavit was filed on October 24, 2007. Therefore, the court reporter's contest was filed within the time period prescribed by Rule 20.1. *See **id.***

Nonetheless, Tyler asserts that, under the federal "mailbox rule," the date he mailed his affidavit, and not the date it was actually received and filed by the district clerk, should be considered the date that the affidavit was "filed" and, thus, control the calculation of the ten day period to file a contest. In support of his argument, Tyler cites the United States Supreme Court's opinion in ***Houston v. Lack***, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). However, the federal "mailbox rule" applies to federal court proceedings. The proceedings before us are state court proceedings, not federal.

Further, even should the federal "mailbox rule" apply, it merely provides that, under certain circumstances, a document properly mailed to the appropriate clerk's office on or before the last day for filing can be deemed timely filed. *See **id.***, 487 U.S. at 274, 108 S. Ct. at 2384. Such a rule would not alter the meaning of the term "filed" as found in Texas Rule of Appellate Procedure 20.1(e). The

timetable of Rule 20.1(e) does not begin until the actual day on which the affidavit of indigence is received and filed in the trial court. TEX. R. APP. P. 20.1(e); ***Burgess***, 191 S.W.3d at 413. Based upon the undisputed facts before it, the trial court did not abuse its discretion in determining that the court reporter's contest was timely filed.

In his second issue, Tyler contests the truth of the trial court's written finding of fact that the affidavit "was received by the District Clerk of Smith County on October 17, 2007." At the hearing, it was represented to the trial court, and not challenged by Tyler, that the affidavit was received by the district clerk on October 17. Thus, the trial court was presented with one undisputed set of facts upon which to make a legal ruling as to the application of Rule 20.1. Finally, the record shows no subsequent trial court proceeding where Tyler sought to challenge this fact. Tyler now seeks to challenge the existence of a fact that was never disputed before the trial court. Such a factual dispute may not be brought for the first time in this court. *See* TEX. R. APP. P. 33.1 (setting forth the general rule for issue preservation).

## Conclusion

We have determined Tyler's first issue to be without merit and his second issue to be waived. Therefore, we overrule Tyler's first and second issues.

### MOTION

In his brief, Tyler states that "[i]f [the court of appeals] finds that there are some other point[s] that [Tyler] may bring in helping to persuade the Court to rule in his favor[,] . . . [Tyler] respectfully request[s] the Court to so order [him] to do so." That motion is overruled.

### DISPOSITION

We ***affirm*** the judgment of the trial court and overrule Tyler's motion.

                                                **JAMES T. WORTHEN**
                                                Chief Justice

Opinion delivered July 31, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)