

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| TERRENCE L. DANIELS, | § | |
| Appellant, | § | |
| v. | § | |
| STATE OF NEW MEXICO, BARBARA BROWDER, in her individual and official capacities, SUSANA MARTINEZ, in her individual and official capacities, AMY ORLANDO, in her individual and official capacities, SUSAN RIEDEL, in her individual and official capacities, JAMES DICKENS, in his individual and official capacities, SCOT KEY, in his individual and official capacities, KIRBY WILLS, in his individual and official capacities, PETER GIOVANNINNI, in his individual and official capacities, MICHAEL CAIN, in his individual and official capacities, OSCAR FERRALEZ, in his individual and official capacities, LISA KING, in her individual and official capacities, BRIAN FRAGA, in his individual and official capacities, ASHLEY MEEKS, in her individual and official capacities, LAS CRUCES SUN-NEWS, KAREN NOUGUES, in her individual and official capacities, MICHELLE BALLARD, in her individual and official capacities, ROBERT CONCHA, and VALERIE CONCHA, | § § § § § § § § § § § § § § | No. 08-14-00060-CV Appeal from the 243rd District Court of El Paso County, Texas (TC# 2012DCV06543) |
| Appellees. | § | |

## OPINION

This appeal involves a *pro se* appellant, Terrence Daniels, who is appealing two trial courts' orders dismissing Appellees. Appellant's lawsuit alleged various causes of action: fraud, breach of fiduciary duty, defamation, malicious prosecution, false imprisonment, deprivation of first amendment rights, deprivation of equal protection and due process, conspiracy to defraud, and conspiracy to obstruct justice. Appellees were dismissed based on *forum non conveniens* or lack of personal jurisdiction, except for three media Appellees who were dismissed under the Texas Citizens Participation Act (TCPA).

From what we can discern, in five issues Appellant contends that: (1) the trial court erroneously granted the dismissal motions for *forum non conveniens* because Appellees committed torts against him in Texas, or alternatively that the *forum non conveniens* statute does not allow a Texas plaintiff's suit to be dismissed; (2) the trial court improperly granted the dismissal motions of the media Appellees under the TCPA because they did not comply with mandatory deadlines under the act; (3) the 448th trial court dismissals were void because no hearing was held; (4) the 243rd trial court failed to apply federal law pursuant to the Supremacy Clause of the United States Constitution; and (5) the 243rd trial judge was biased against Appellant. For the following reasons, we vacate in part and affirm in part.

### BACKGROUND

#### *Factual History*

The events of this case span several years. Appellees' dismissal motions were granted, as a result the non-procedural facts of this appeal derive from Appellant's allegations in his original amended petition. Appellant, a Texas resident, was a substitute teacher and girls' basketball

2

coach at Chaparral Middle School in the Gadsden Independent School District in New Mexico. Appellant was suspended from his position in April 2007 after another coach, Karen Nougues, reported he was having an inappropriate relationship with a student. After his suspension, the student's mother, Valerie Concha, filed a police report with the Dona Ana County Sheriff's Office in New Mexico. Michelle Ballard, an administrative intern, sent a letter to parents stating Appellant was no longer employed and had been directed to cease any contact with any student.

Appellant alleges, in June 2007, the district attorney of Dona Ana County, NM—Susana Martinez—called and instructed him not to have any further contact with the student. Subsequently, Appellant learned the Dona Ana County District Attorney would be filing criminal charges against him.

In November 2007, Appellant attended a basketball tournament in Canutillo, Texas. At the tournament, Nougues allegedly told an on-duty El Paso Sheriff's Department deputy that there was a restraining order against Appellant. The next day Nougues confronted Appellant and called him a "sicko." The following day, Appellant was approached by the student's parents, Robert and Valerie Concha, who demanded he cease attending any of their daughter's basketball games. Valerie Concha then told a tournament official not to allow Appellant into the basketball tournament because "he's a pedophile."

In December 2007, Appellant was shopping in El Paso when he saw Robert and Valerie Concha, who apparently reacted with disgust at seeing him. They sought out and spoke with the manager, allegedly about Appellant, but no action was taken.

In August 2008, Appellant attended a high school volleyball game in New Mexico. Robert Concha ("Concha") approached Appellant. Concha allegedly told Appellant he would

make sure Appellant never approached his daughter again, and called the police. A sheriff's deputy spoke with both men and told them to keep their distance from each other. In October 2008, Appellant attended another high school volleyball game in New Mexico. Concha sat behind Appellant at the game and took pictures of Appellant. After becoming belligerent, Concha was then escorted out of the gym by campus security, and threatened to wait for Appellant in the parking lot.

Appellant received a Target Notice stating his case would be called before the grand jury in November 2008. A New Mexico State University police officer, Oscar Ferralez, filed an extradition warrant for his arrest. Appellant was arrested on November 1, 2008 by two El Paso police officers. He was transferred to the custody of New Mexico five days later. Appellant was released on bond the following day.

On November 12, Appellant received a second amended criminal summons, drafted by a Dona Ana County assistant district attorney, Lisa King, informing him that his arraignment was set for December 1. Appellant called King to confirm the date of the arraignment and alleges when he spoke to her that he identified her voice as the individual who had called him in June 2007, claiming to be Susana Martinez.

In April 2009, a superseding grand jury was held in New Mexico. Appellant alleges that Valerie Concha committed perjury at the grand-jury proceeding. Appellant was indicted for the offense of aggravated stalking.

Appellant was appointed a public defender, Kirby Wills. Appellant asserts he told Wills to modify his conditions of release and assert his right to a speedy trial but Wills ignored his requests. Wills later withdrew as defense counsel. Peter Giovannini was then appointed as

4

defense counsel; Appellant claims Giovannini did little but request continuances. Giovannini later withdrew as counsel. Appellant's third attorney, Michael Cain, filed an appearance and met with Appellant. Cain served as Appellant's defense counsel for several months but withdrew in March 2011. Finally, attorney Pedro Pineda remained Appellant's defense counsel throughout the proceedings.

On January 19, 2012, the Las Cruces Sun-News published an article written by Ashley Meeks entitled "*Case postponed for ex-teacher accused of stalking*." The article discussed the case but incorrectly reported Appellant had violated a restraining order by contacting the girl. A restraining order had been requested but not issued.

On May 2, 2012, Appellant went to trial in Dona Ana County on the charge of aggravated stalking. After hearing the evidence, the trial court granted Appellant's motion for a directed verdict. Appellant contends Valerie Concha committed perjury during the trial. On May 5, 2012, a second article was published by the Las Cruces Sun-News entitled "*Las Cruces judge throws out stalking case against ex-teacher*," written by Brian Fraga. The article quoted the prosecutor, Scot Key, that if the case had been given to the jury they would have found Appellant guilty. It also quoted defense counsel, Pineda, that Appellant had committed no crime, reporting Pineda's belief the criminal case was the result of pressure by the Conchas. Appellant alleges the article implies he is guilty but had escaped justice. On December 29, 2012, the New Mexico trial court entered an order closing the criminal case.

### *Procedural History*

Appellant, a Texas resident, filed this civil action in the 448th District Court in El Paso, Texas, on November 1, 2012. He alleged fraud, breach of fiduciary duty, defamation, malicious

5

prosecution, false imprisonment, deprivation of first amendment rights, deprivation of equal protection and due process, conspiracy to defraud, and conspiracy to obstruct justice. Appellees include: Barbara Browder, Karen Nougues and Michelle Ballard, ("Gadsden ISD Appellees"), Susana Martinez, Lisa King, Amy Orlando, James Dickens, Susan Riedel, and Scot Key, ("DA Appellees"); Las Cruces Sun-News, Brian Fraga, and Ashley Meeks ("Media Appellees"); Kirby Wills, Peter Giovanninni, and Michael Cain; ("Defense Counsel Appellees"); Officer Oscar Ferralez; and the student's parents, Robert and Valerie Concha. Except for Barbara Browder, the remaining Appellees are New Mexico residents.

On January 8, 2013, the Media Appellees moved to dismiss Appellant's claims under the Texas Citizens Participation Act, attaching the two newspaper articles at issue along with the affidavit of a custodian of records for the Las Cruces Sun-News. In April, they filed a supplemental motion to dismiss along with a certified record of the court documents from the criminal case against Appellant. The 448th trial court granted the motion to dismiss.

The remaining original appellees, except for Ferralez, made special appearances and filed motions to dismiss based on *forum non conveniens* and mandatory venue. The 448th trial court granted their motions in part based on their assertions they are New Mexico residents. Appellant filed an amended original petition adding Browder, a Texas resident and director of human resources for Chaparral Middle School, to the case as a new defendant and perfected service on Ferralez.

The 448th trial judge voluntarily recused himself from the case. Appellant's case was transferred to the 243rd District Court. The 243rd trial judge dismissed the remaining appellees, Ferralez on December 6, 2013, and Browder on January 7, 2014. This appeal followed.

6

# DISCUSSION

## I.

### *FORUM NON CONVENIENS*

Appellant's first issue is the dismissal of Appellees for *forum non conveniens* by the 448th and 243rd trial courts. As best we can discern, his point of error is that some of the torts committed by the Appellees were directed at him in Texas and therefore should not have been dismissed. Alternatively, he argues that the trial courts should not have dismissed his claims because he is a Texas resident and statutory *forum non conveniens* is improper under the statute if the plaintiff is a Texas resident.

### *Standard of Review*

A trial court's dismissal of parties for *forum non conveniens* is entitled to great deference. *In re Elamex, S.A. de C.V.*, 367 S.W.3d 879, 887 (Tex.App.--El Paso 2012, orig. proceeding). Reversing a trial court's dismissal of parties under the doctrine of *forum non conveniens* is only proper when the trial court has clearly abused its discretion. *Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31 (Tex. 2010). A trial court abuses its discretion if its decision is so arbitrary and unreasonable that it constitutes a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W. 3d 379, 382 (Tex. 2005).

We will not substitute our judgment for that of the trial court's even if we would have reached a different decision based on the circumstances. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985) ("The mere fact that a trial judge may decide a matter within his

7

discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion occurred."); *Quixtar*, 315 S.W.3d at 31.

*Analysis*

The doctrine of *forum non conveniens* is equitable and courts use it to prevent imposing an inconvenient jurisdiction on a litigant. *In re Elamex*, 367 S.W.3d at 887. The United States Supreme Court aptly described the purpose behind the doctrine in the frequently cited case of *Gulf Oil Corp. v. Gilbert*:

> The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute. These statutes are drawn with a necessary generality and usually give a plaintiff a choice of courts, so that he may be quite sure of some place in which to pursue his remedy. But the open door may admit those who seek not simply justice but perhaps justice blended with some harassment. A plaintiff sometimes is under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself.
>
> Many of the states have met misuse of venue by investing courts with a discretion to change the place of trial on various grounds, such as the convenience of witnesses and the ends of justice.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed.2d 1055 (1947). It is with this purpose in mind that the courts are empowered—by common law or statute—to ensure that the forum is warranted by the interests of the litigants and witnesses. *Yoroshii Investments (Mauritius) Pte. Ltd. v. BP Int'l Ltd.*, 179 S.W.3d 639, 643 (Tex.App.--El Paso 2005, pet. denied).

For dismissal under *forum non conveniens* to be appropriate an alternate forum for the plaintiff must exist. *In re Elamex,* 367 S.W.3d at 887. Not only must there be at least one other forum open to the plaintiff, but the alternate forum must also be both "available" and "adequate." *Id*. The alternate forum is "available" if it has jurisdiction over all of the parties and the whole case or if there is evidence that all the defendants are amenable to process or have consented to

8

process in the alternate forum. *Yoroshii*, 179 S.W.3d at 643. An alternate forum is not going to be considered "adequate" if the remedies it offers are so unsatisfactory that they really offer no remedy at all—not just that the remedies are different or less advantageous. *In re ENSCO Offshore Int'l Co.*, 311 S.W.3d 921, 924 (Tex. 2010).

If an alternate forum is available and adequate, the trial court must then determine which forum is the most appropriate for the litigation by weighing certain public and private interest factors. *In re Elamex*, 367 S.W.3d at 887. Under the common law, the plaintiff's choice of forum should not be disturbed unless the balance of these factors strongly favors the defendant requesting dismissal. *Yoroshii*, 179 S.W. 3d at 643. The private interest factors to consider are:

> (1) the relative ease of access to sources of proof;
>
> (2) the availability of compulsory process for ensuring the attendance of unwilling witnesses; and
>
> (3) the enforceability of a judgment if one is obtained.

*Id*. at 643. The public interest factors to consider are:

> (1) the burden imposed upon the citizens and courts of Texas in trying a case that has no relation to Texas;
>
> (2) the general interest in having localized controversies decided locally; and
>
> (3) the interest in having a diversity case tried in a forum that is familiar with the law that must govern the action.

*Id.*

The Texas Legislature codified the doctrine in 1993—with some significant differences—Texas' statutory *forum non conveniens* is applicable only to actions for wrongful death or personal injury. TEX.CIV.PRAC.&REM.CODE ANN. § 71.051(i)(West Supp. 2016). Texas' statutory *forum non conveniens*, Section 71.051, is different from the common law in two important ways: (1)

the mandatory "shall" language requires dismissal of claims if the court finds it would be in the interest of justice and for the convenience of the parties, and (2) the court cannot allow a stay or dismiss a plaintiff's claim if the plaintiff is a legal resident of Texas. TEX.CIV.PRAC.&REM.CODE ANN. § 71.051.

*Section 71.051*

Thus, if Appellant's claims fall under Section 71.051, because he is a Texas resident, his case should not have been dismissed. If Section 71.051 is inapplicable, then we must analyze the dismissals under the common-law doctrine of *forum non conveniens*.

Appellant's claims are governed by Section 71.051 only if the term "personal injury," as used in the statute, is taken to mean any injury in tort—and not just physical injury. The statute itself does not define personal injury. TEX.CIV.PRAC.&REM.CODE ANN. § 71.001 (West 2008). The only case directly addressing the definition of personal injury under Section 71.051 holds that it does not apply to actions for breach of contract, quantum meruit, and fraud. *Pablo Rion y Asociados, S.A. de C.V. v. Dauajare*, 495 S.W.3d 494, 497 (Tex.App.--Houston [14th Dist.] 2016, no pet.)("The statute for *forum non conveniens* does not apply to [plaintiff's] business case."). Thus, we must engage in statutory analysis to determine what the legislature meant by "personal injury."

Statutory terms are to be interpreted by considering the ordinary meaning of the word used. *In re Ford Motor Co.*, 442 S.W.3d 265, 271 (Tex. 2014). Black's Law Dictionary defines personal injury as follows: "1. In a negligence action, any harm caused to a person, such as a broken bone, a cut, or a bruise; bodily injury. —Also termed *bodily injury*. 2. Any invasion of a personal right, including mental suffering and false imprisonment. — Also termed *private injury*."

[Emphasis in orig.]. Black's Law Dictionary 906 (10th ed. 2014). When interpreting an undefined statutory term, we are also guided by considering the word within the context of the section at issue and the statute as a whole. *See CHCA Woman's Hosp., L.P. v. Lidji*, 403 S.W.3d 228, 232 (Tex. 2013)("We analyze statutory language in context, considering the specific section at issue as well as the statute as a whole.").

Section 71.051 suggests that the term "personal injury" equates to bodily injury in its use of an associated term: "wrongful death." TEX.CIV.PRAC.&REM.CODE ANN. § 71.051 (This section applies to action for personal injury or wrongful death.) After surveying the case law regarding Section 71.051, actions for dismissal under the statute are confined only to claims of wrongful death or bodily injury and have not been applied to claims for other torts. *See In re Bridgestone Americas Tire Operations, LLC*, 459 S.W.3d 565 (Tex. 2015)(orig. proceeding); *Badall v. Durgapersad*, 454 S.W.3d 626 (Tex.App.--Houston [1st Dist.] 2014, pet. denied); *Samlowski v. Wooten*, 332 S.W.3d 404 (Tex. 2011); *Owens Corning v. Carter*, 997 S.W.2d 560 (Tex. 1999). The legislative history is primarily focused on bodily injury and wrongful death, and indeed, the prohibition on dismissing Texas residents was narrowed in response to asbestos-related claims from out of state. *See* S. Comm. on State Affairs, Bill Analysis, Tex. H.B. 4, 78th Leg., R.S. (2003); S. Comm. on State Affairs, Bill Analysis, Tex. H.B. 755, 79th Leg., R.S. (2005). In light of this record, it seems clear that the legislature intended personal injury to mean bodily injury. Further, the complete lack of any case allowing Section 71.051 to stay a dismissal for other torts outside of wrongful death or bodily injury claims supports our conclusion that Section 71.051 is inapplicable here. Given that Appellant's claims of fraud, breach of fiduciary duty, defamation, malicious prosecution, false imprisonment, deprivation of first amendment rights,

11

deprivation of equal protection and due process, conspiracy to defraud, and conspiracy to obstruct justice do not sound in personal injury, we find Appellant's claim that Section 71.051 governs his case unpersuasive.

*Common-law Forum Non Conveniens*

Next, we turn to whether the trial court abused its discretion in granting Appellees' dismissal motions under the common-law doctrine of *forum non conveniens*. *Quixtar*, 315 S.W.3d at 31. In doing so, we cannot substitute our judgment for that of the trial court; we merely determine whether the trial court acted without any reference to guiding principles or rules. *Downer*, 701 S.W.2d at 242. We cannot say that it did.

In analyzing a *forum non conveniens* claim, the first step for the trial court is to determine whether an alternate forum is available and adequate. *In re Elamex*, 367 S.W.3d at 887. The foreign forum is available if it has jurisdiction over the parties and the case and it is adequate if it offers satisfactory remedies. *Yoroshii Investments*, 179 S.W.3d at 643; *In re ENSCO Offshore*, 311 S.W.3d at 924. Here, except for Appellee Browder, all the remaining Appellees are citizens of New Mexico. However, we note that Appellee Browder has agreed to submit to New Mexico jurisdiction, and a defendant may make a forum available by consenting to jurisdiction in that forum. *Yoroshii Investments*, 179 S.W.3d at 643. Because New Mexico authorizes jurisdiction over residents in the county in which they may be found, and Browder has agreed to New Mexico jurisdiction, an alternate forum is available. N.M. STAT. ANN. § 38-3-1 (1978). As to whether the New Mexico forum is adequate, Appellant has pled no facts asserting New Mexico remedies are lacking in any way. The plaintiff has the burden to prove that the alternate forum is inadequate. *Yoroshii Investments*, 179 S.W.3d at 643. Appellant has failed to do so, therefore,

12

we cannot find that the trial court abused its discretion in finding the New Mexico forum to be both available and adequate.

Once it has been established an alternate forum is available and adequate, the trial court must weigh the public and private interest factors to determine whether dismissal is appropriate. *In re Elamex*, 367 S.W.3d at 887. Under the common law, the factors must strongly favor the defendant seeking dismissal for *forum non conveniens*. *Yoroshii Investments*, 179 S.W.3d at 643. The private factors are: (1) relative ease of access to sources of proof; (2) availability of compulsory process for witnesses and defendants; and (3) enforceability of a judgment if obtained. As for the first and second factors, all but one material fact witness reside in New Mexico and, excepting Browder, all Appellees reside in New Mexico. This makes access to sources of proof and compulsory process difficult (if not impossible) in Texas, and by comparison relatively easy in New Mexico; both points weighing in favor of dismissal under the first and second factors. As to the third factor, we have already established that all defendants, including Browder, are subject or have subjected themselves to jurisdiction in New Mexico, therefore, making a judgment enforceable. Because the trial court could have considered and applied each of the private factors, we cannot say it acted arbitrarily or without reference to guiding principles as required to show an abuse of discretion.

The public factors to be considered are: (1) the burden on the citizens and courts of Texas of trying a case that has no relation to Texas; (2) the established general-interest in having localized controversies decided locally; and (3) the interest in having a diversity case tried in a forum that is familiar with the law governing the action. *Yoroshii Investments*, 179 S.W.3d at 645. Under the first factor, the trial court could have found the case had no relation to Texas based solely on

13

Appellant's allegations, and therefore was an undue burden on Texas courts. The alleged conduct against Appellant by the Gadsden ISD Appellees, including Browder, occurred in New Mexico. Likewise, the alleged conduct of the DA Appellees against Appellant occurred in New Mexico. Appellant's claims against his defense attorneys, Wills, Giovanninni, and Cain, is based on their alleged conduct against Appellant in New Mexico. Appellant's allegations against Officer Ferralez stem from his actions in New Mexico. When weighed together, the facts show that the Appellant's case lacks substantial relation to Texas and could be an undue burden on Texas courts under the first factor. Further, when we consider that the alleged actions were allegedly committed by New Mexico residents in New Mexico, it becomes apparent that this is a localized controversy, which weighs in favor of dismissal under the second public-interest factor. *Yoroshii Investments*, 179 S.W.3d 645.

As for the third factor, the alleged tortious acts occurred in New Mexico and would fall under the purview of New Mexico tort law. Further, the New Mexico Torts Claims Act applies because Appellant sued the Gadsden ISD Appellees, Defense Counsel Appellees, and the DA Appellees in their official capacities. N.M.STAT.ANN. § 41-4-18 (1978). The law governing the action will, if not exclusively, largely be New Mexico law, and the trial court could have considered this under the third public-interest factor in granting the dismissal motions. Thus, the facts supported dismissal under the public-interest factors and we cannot conclude that the trial court acted without reference to them.

Appellant's arguments that the trial court abused its discretion in granting the dismissal motions are unpersuasive. We cannot say that the trial court acted without reference to any guiding principles in granting defendants' dismissal motions especially when nearly every factor

14

was applicable and weighed in the Appellees favor. As discussed, *infra*, statutory *forum non conveniens* does not govern Appellant's claims and so is inapplicable. Thus, the trial court did not abuse its discretion and Appellant's first issue is overruled.

## II.

### THE MEDIA APPELLEES

In the second issue on appeal, Appellant complains the Media Appellees were improperly dismissed under the Texas Citizens Participation Act (TCPA) because of their failure to comply with mandatory deadlines under the act. The TCPA is the Texas version of the so called anti-SLAPP legislation passed throughout the United States; the acronym SLAPP denotes "Strategic Lawsuit Against Public Participation." 12 TEX.JUR.3D Civil Rights § 6 (2012). Its stated purpose is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX.CIV.PRAC.&REM.CODE ANN. § 27.002 (West 2015). The evil that motivated legislatures across the country to pass anti-SLAPP laws was the chilling of citizens' free speech out of fear of litigation aimed not at redressing actual wrongs, but at silencing them via the burdensome costs of defending against meritless claims. *See* Laura Lee Prather & Justice Jane Bland, *Bullies Beware: Safeguarding Constitutional Rights Through Anti-SLAPP in Texas*, 47 TEX.TECH L.REV. 725, 731 (2015).

The TCPA authorizes a party to file a motion to dismiss if the claim against him relates to his exercising his right of free speech, petition, or association. TEX.CIV.PRAC.&REM.CODE ANN. § 27.003 (West 2015). The "exercise of the right of free speech" is defined in the act as "a

15

communication made in connection with a matter of public concern." TEX.CIV.PRAC.&REM.CODE ANN. § 27.001(3). A "communication" is defined as including "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id*. at § 27.001(1). Finally, a "matter of public concern" includes issues related to: health or safety; environmental, economic, or community well-being; the government; a public official or public figure; or a good, product, or service in the marketplace. *Id*. at § 27.001(7).

A defendant to avail himself of the statute's remedies, must file a motion to dismiss within 60 days after the date of service of the legal action, however, the court may extend this deadline on a showing of good cause. TEX.CIV.PRAC.&REM.CODE ANN. § 27.003. Once the motion is filed, all discovery is suspended until the court rules on the motion. *Id*. In making its ruling, the court will consider the pleadings, supporting and opposing affidavits. *Id*. at § 27.006; *see also Pena v. Perel*, 417 S.W.3d 552, 556 (Tex.App.--El Paso 2013, no pet.). The defendant must show by a preponderance of the evidence that her claim relates to her exercise of her right to free speech, petition, or of association. TEX.CIV.PRAC.&REM.CODE ANN. § 27.005 (West 2015).

Once a defendant has carried his initial burden to establish the claims against him are covered by the TCPA, the burden shifts to the plaintiff to present by clear and specific evidence a prima facie case for each element of his claim to avoid dismissal. TEX.CIV.PRAC.&REM.CODE ANN. § 27.005(c); *Entravision Communications Corp. v. Salinas*, 487 S.W.3d 276, 283 (Tex.App.--Corpus Christi 2016, pet. denied).

***Analysis***

16

Here, Appellant sued the Media Appellees for alleged libel written in two articles that reported on his criminal case in New Mexico. The allegedly libelous communication was not the mere fact that he had been charged with aggravated stalking. Rather, it was that the articles incorrectly stated that he had violated a restraining order—when in fact a restraining order had been sought but not obtained. Appellant also contended the second article implied he had "got off on a technicality." Appellant asserts the dismissal of the Media Appellees was improper because they did not follow the deadlines for their motions to dismiss under the TCPA. Therefore, he argues, the dismissals were improvidently granted, or alternatively that the trial court abused its discretion in granting the dismissal motions because the articles were clearly libelous.

The first issue we address is whether the motions to dismiss were overruled by operation of law. The TCPA provides powerful remedies for defendants seeking to dismiss suits, however, the act also provides strict deadlines for invoking these remedies. As noted above, a defendant has 60 days from the service of the legal action to file a dismissal motion under the TCPA. TEX.CIV.PRAC.&REM.CODE ANN. § 27.003(b)(West 2015); *Schimmel v. McGregor*, 438 S.W.3d 847, 855 (Tex.App.--Houston [1st Dist.] 2014, pet. denied). In the case at hand, the statute also provided for an accelerated hearing: the court was required to set a hearing on the motion to dismiss within 30 days of service of the motion, unless docket conditions required an extension. Citizens Participation Act, 82nd Leg., R.S., ch 341, § 27.004, 2011 TEX.GEN.LAWS 961, 963 (current version at TEX.CIV.PRAC.&REM.CODE ANN. § 27.004). Further, the court had to rule on the motion within 30 days of the hearing. Citizens Participation Act, 82nd Leg., R.S., ch 341, § 27.005, 2011 TEX.GEN.LAWS 961, 963 (current version at TEX.CIV.PRAC.&REM.CODE ANN. § 27.005). If the court did not rule within that 30-day window, the motion was considered denied

17

by operation of law. Citizens Participation Act, 82nd Leg., R.S., ch 341, § 27.008, 2011 TEX.GEN.LAWS 961, 963 (current version at TEX.CIV.PRAC.&REM.CODE ANN. § 27.008).

Appellant filed his initial suit on November 1, 2012, and Media Appellees were served with process on December 5, 2012. They properly filed their motion to dismiss under the TCPA on January 8, 2013, within the 60 days required by the act. In accordance with the statute effective at that time, the trial court was required to hold a hearing within 30 days. However, the hearing was not held until February 20, 2013, a full 43 days after service of the motion. During the hearing, which included the New Mexico Appellees making special appearances, the trial court focused exclusively on the jurisdictional defects raised by the New Mexico Appellees. Media Appellees asked the court if they should proceed on the motion to dismiss under the TCPA or if it wanted them to wait and allow Appellant time to respond to the New Mexico Appellees' jurisdictional issues. The trial court instructed the Media Appellees to allow the Appellant additional time to respond to those motions, and the TCPA dismissal motions were not addressed. The TCPA dismissal motions were not raised again until 41 days after the hearing—on April 2— when Media Appellees filed a supplemental motion, noting the 30-day timetable under the statute and stating the hearing on their motion was not held on February 20. The trial court did not hold another hearing on their dismissal motions but nonetheless granted the motions to dismiss on April 18.

Unfortunately for the Media Appellees, these deadlines were not optional. The trial court was authorized to delay the hearing only for good cause. Citizens Participation Act, 82nd Leg., R.S., ch 341, § 27.004, 2011 TEX.GEN.LAWS 961, 963 (amended 2013). Though Media Appellees do not address this issue in their brief, the trial court arguably ruled by implication and found good

18

cause when the trial court gave Appellant time to respond to the New Mexico Appellees' jurisdictional issues. *See Schimmel*, 438 S.W.3d at 856 (holding that by mentioning the timeliness of appeal, the trial court impliedly ruled that there was good cause for defendant's failure to file his motion on time as required under the TCPA). However, even if the court did so, no subsequent hearing on the motion was held. The statute requires a hearing on the Media Appellees' dismissal motions, and without such a hearing the motions to dismiss cannot be granted. Citizens Participation Act, 82nd Leg., R.S., ch 341, § 27.004, 2011 TEX.GEN.LAWS 961, 963 (amended 2013). On the other hand, if the hearing on February 20 was, in fact, the motion hearing, then the dismissal motion was overruled by operation of law when a ruling was not made within 30 days of February 20. The trial court's April 18 order granting the motions was invalid. *See Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 79-80 (Tex.App.--Houston [1st Dist.] 2013, pet. denied). In either case, the motions to dismiss were improvidently granted. Thus, Appellant's second issue is sustained.

## III.

### PLENARY POWER

In the third issue on appeal, Appellant contends that the dismissal orders of the 448th trial court were void due to the lack of a hearing. In addition, Appellant contends that the 243rd trial court refused to rule on his motion to declare those dismissal orders void and the trial court failed to acknowledge the court's plenary power when the case was transferred from the 448th trial court, and thus committed reversible error. We disagree.

Contrary to Appellant's assertions, as previously discussed, a hearing was held by the 448th trial court on February 20, 2013. During that hearing, Appellees made special appearances

19

challenging the trial court's jurisdiction and submitted supporting affidavits. The trial judge granted Appellant additional time to submit a written brief responding to the dismissal motions and Appellees an opportunity to respond to Appellant's brief. After the briefs were filed, the 448th trial court granted the dismissal motions. Appellant's contention that those dismissal orders were void due to the lack of a hearing is meritless, which renders his issue regarding the 243rd trial court's plenary power moot. Appellant's third issue is overruled.

## IV.

### FEDERAL RIGHTS AND THE SUPREMACY CLAUSE

In his fourth issue, we understand Appellant to contend that the 243rd trial judge violated the Supremacy Clause in granting the dismissals because they included federal causes of action against Appellees. A Texas district court is a court of general jurisdiction, meaning it is authorized to hear claims arising out of the U.S. Constitution and federal statutes. TEX.CONST. art. V, §§ 1, 8; TEX.GOV'T CODE ANN. §§ 24.007, 24.008 (West 2004 & Supp. 2016). Appellant is correct that federal causes of action can and sometimes must be heard and decided by a state court unless federal statute provides for exclusive federal jurisdiction. U.S. CONST. art. VI, cl. 2; *See ASARCO Inc. v. Kadish*, 490 U.S. 605, 109 S.Ct. 2037, 104 L.Ed.2d 696 (1989)(holding that state courts may render decisions based on their own interpretations of federal law unless the statute provides for exclusive federal jurisdiction); *In re Haynes and Boone, LLP*, 376 S.W.3d 839 (Tex.App.--Houston [1st Dist.] 2012, orig. proceeding); *First Nat. Collection Bureau, Inc. v. Walker*, 348 S.W.3d 329 (Tex.App.--Dallas 2011, pet. denied). But Appellant's claims were dismissed based on *forum non conveniens*—not because the trial court refused to hear the supposed federal claims. Appellant's fourth issue is without merit and is thus overruled.

20

## V.

### JUDICIAL BIAS

Last, Appellant maintains that the 243rd trial judge demonstrated clear bias by repeatedly admonishing him to retain counsel. Appellant asserts this bias was further shown by the adverse rulings he received.

To show judicial bias, Appellant must demonstrate that the judge displayed a deep-seated favoritism or antagonism which made a fair judgment impossible. *Burgess v. Feghhi*, 191 S.W.3d 411, 415 (Tex.App.--Tyler 2006, no pet.). Critical or hostile remarks, expressions of impatience, dissatisfaction, annoyance, or even displays of anger toward a party are not sufficient to establish bias. *Id.*; *Ludlow v. DeBerry*, 959 S.W.2d 265 (Tex.App.--Houston [14th Dist.] 1997, no pet.). If a party disagrees with a ruling—which is usually a point of error to be raised on appeal—only in the most unusual of cases will the adverse ruling demonstrate the favoritism necessary to show bias. *Ellason v. Ellason*, 162 S.W.3d 883, 887 (Tex.App.--Dallas 2005, no pet.).

The record indicates that the trial judge advised Appellant on several occasions to seek counsel. Appellant consistently responded that he would proceed *pro se*. These repeated remonstrations do not show a deep-seated favoritism or antagonism; at worst, they show annoyance which is insufficient to demonstrate judicial bias rendering fair judgment impossible. *Burgess*, 191 S.W.3d 415. Appellant's fifth issue is overruled.

### CONCLUSION

Having sustained Appellant's second issue, we reverse the order of the 448th district court granting the dismissal motions of Las Cruces Sun-News, Ashley Meeks, and Brian Fraga, and remand for further proceedings. In overruling Appellant's remaining issues, we affirm the

judgment of the trial court dismissing the other appellees.


October 31, 2017

                          YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., Not Participating